IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-00335-GJQ-RSK |
| | ) | |
| v. | ) | Judge Quist |
| | ) | Magistrate Judge Kent |
| DYCK O'NEAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT PROPOSED DISCOVERY PLAN

Plaintiff, KAREN SAUNDERS, through his/her counsel, SMITHMARCO, P.C. and Defendant, DYCK O'NEAL, INC., through its counsel, VARNUM LLP, propose the following joint discovery plan for the Court's consideration:

**1.     JURISDICTION:** The basis for the Court's jurisdiction is:

Plaintiff asserts that this Court has jurisdiction pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

**2.     JURY OR NON-JURY**

Plaintiff has made a request for a jury trial.

**3.     JUDICIAL AVAILABILITY**

The parties do not unanimously agree to have a United States Magistrate Judge conduct further proceedings in this case, including trial and/or to order the entry of final judgment.

**4.     STATEMENT OF THE CASE**

Plaintiff's Statement:

The case challenges Dyck O'Neal's use of VoApps to make prerecorded debt collection calls to consumers' cell phones, under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Court previously bifurcated the case, to first determine whether VoApps calls are covered by the TCPA. On July 16, 2018, this Court held that the TCPA covers these calls. Dkt. No. 50.

The case is brought as a class action. Preliminary review of a subpoena response from

VoApps, shows that Dyck O'Neal made approximately 220,360 successful direct-to-voicemail voice mail calls to 26,929 unique cellular numbers during the class period, including Plaintiff's.

Defendant's Statement:

For the reasons set forth in Defendant's motion for summary judgment, Defendant respectfully denies that the messages at issue constitute "calls" subject to the TCPA. Given the significance of the Court's July 16, 2018 order concerning this case of first impression, Defendant believes that the issues are ripe for reconsideration. Alternatively, Defendant respectfully requests that the Court certify its decision for interlocutory appeal. Defendant otherwise denies that this matter can or should be certified pursuant to Fed. R. Civ. P. 23.

## 5. PROSPECTS OF SETTLEMENT

The status of settlement negotiations is: Alexander Burke and Larry Smith for Plaintiff and Charity Olson for Defendant have engaged in preliminary settlement discussions. Plaintiff has requested that the parties engage in a private mediation with a respected mediator at JAMS, who has experience with this type of case. Defendant believes that amendments to the pleadings, joinder of additional parties and some additional discovery is necessary prior to ADR.

## 6. PENDENT STATE CLAIMS

This case does not include pendent state claims.

## 7. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

Any amendments to the pleadings or actions to join other parties shall be filed on or before October 31, 2018.

## 8. DISCLOSURES AND EXCHANGES

a. The parties have already done their initial disclosures.

b. Plaintiff has disclosed a merits expert and furnished a report, and may disclose a data-crunching expert depending upon the complexity of data surrounding VoApps' affirmative defenses.

c. It *would* be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Such initial reports should be furnished no later than May 30, 2019. Any response report shall be served within 30 days of service of the opening report.

d. The parties have agreed to make available the following documents without the need of a formal request for production:

None; discussions are ongoing.

2

9. **DISCOVERY**

   a. Discovery will be needed on:

      i. Plaintiff: Plaintiff needs discovery on Dyck O'Neal's affirmative defenses, including whether it had "prior express consent" to make the calls at issue, and whether the violations alleged herein were willful or knowing.
      ii. Defendant: Defendant needs discovery on Plaintiff's claims, alleged damages and affirmative defenses.

   b. The cutoff for fact discovery shall be <u>April 30, 2019</u>.

   c. The Court previously bifurcated discovery. The case is now in the second phase, which concerns damages, class and willfulness discovery.

   d. Presumptive limitations for written and oral discovery should apply in this matter.

   e. The parties agree to use a unified exhibit numbering system for any depositions to be taken by either party in this matter.

10. **DISCLOSURE/DISCOVERY OF ESI**

The parties agree that all non-privileged electronically stored information be produced in electronic format, unless doing so is unreasonably burdensome, in which case the parties agree to meet and confer regarding such before production.

Plaintiff anticipates production of both structured (e.g. call and consent data from a database) and unstructured data (e.g. Outlook email). Plaintiff proposes that structured data be produced in delimited text with headers, with a delimiter that maintains the integrity of columns of data whereas unstructured data will be produced according to the following:

- Text shall be extracted from any electronic documents that contain active, searchable content including, but not limited to email, spreadsheets, databases, web pages, presentations, delimited text files or any other electronic document created by word-processing, presentation, text-editing, database applications.

- Each hard copy (i.e. paper) document should be scanned and OCRd.

- Electronic documents such as .tiff images or .pdf files that contain text that cannot be extracted should be OCRd.

Defendant is agreeable to electronic production but reserves the right to seek a protective order should the burden or costs of such production exceed the scope presently contemplated by Defendant.

• The parties agree that under no circumstance will a party print out documents and then scan them, or take other action that would degrade the color, legibility, or content of a document.

11. **ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION**

The parties agree to the following procedures for asserting claims of privilege after production: in addition to the procedures set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure, any party who becomes aware of having received from a disclosing party a document which, on its face, appears to be (a) subject to privilege or the work product doctrine and (b) produced through error or inadvertence, will promptly notify the disclosing party of the disclosure. The disclosing party will then have 7 days within which to invoke the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B) except that the recipient will be subject to the requirements and prohibitions set forth in Fed. R. Civ. P. 26(b)(5)(B) from the date upon which such party becomes aware of having received the document until the later of the expiration of 10 days from notice to the producing party or the date upon which the claim of privilege is resolved.

12. **MOTIONS**

The following dispositive motions are contemplated by each party: Plaintiff anticipates a motion for class certification, followed by a motion for summary judgment as to liability. Defendant anticipates filing a motion to dismiss and/or for summary judgment, if and as appropriate.

Class certification should be filed no later than July 30, 2019.

13. **ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff has suggested mediation with a private mediator.

14. **LENGTH OF TRIAL**

Counsel estimate the trial will last approximately 1-2 days total, allocated as follows: one to one (1) days for plaintiff's case and one (1) day for defendant's case. Defendant believes that trial could last 3-5 days.

15. **ELECTRONIC SERVICE OF DISCOVERY**

The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served by sending such documents by email to all of the e-mail addresses listed below (or any updated email address

provided to all counsel of record). However, such service shall be treated as having been made by mail under Rule 5(b)(2)(C) for the purpose of calculating responsive deadlines under Federal Rules of Civil Procedure 6(d). The format to be used for attachments to any email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**16.    OTHER**

This case is a class action that alleges improper use of what is expected to be technologically advanced systems to make telephone calls.

Respectfully submitted,

**For Plaintiff, Karen Saunders**                **For Defendant, Dyck O'Neal, Inc.**

/s/Alexander H. Burke                /s/Charity A. Olson
Alexander H. Burke, *pro hac vice*        Charity A. Olson
Burke Law Offices, LLC            VARNUM LLP
155 N. Michigan Ave., Suite 9020        300 N. Fufth Avenue, Ste, 230
Chicago, IL 60601                Telephone:    (734) 372-2914
Telephone:    (312) 729-5288        E-Mail:        caolson@varnumlaw.com
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
dmarco@smithmarco.com

5