UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Karen Saunders,<br><br>  Plaintiff,<br><br>v.<br><br>Dyck-O'Neal, Inc.,<br><br>  Defendant. | Case No.: 1:17-cv-00335-GJQ-RSK<br>Hon. Judge Gordon J. Quist<br>Magistrate Judge Ray Kent<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER DENYING SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR CERTIFICATION OF CONTROLLING ISSUES OF LAW FOR INTERLOCUTORY APPEAL

Pursuant to W.D. Mich. L.R. 7.4(a), Dyck-O'Neal, Inc. ("Dyck-O'Neal") requests reconsideration of the Court's Opinion and Order denying Dyck-O'Neal's motion for summary judgment (the "Order"). Careful review of the Order reveals that the case law and the technological analogs underlying the Court's Order are distinguishable from the facts and law at issue in this case. Neither the plain language of the Act or a desire to fulfill Congressional intent justifies expansion of the Act as contemplated in the Order. Dyck-O'Neal respectfully submits that reconsideration of these issues and authorities will result in a different disposition of this case conserving substantial judicial resources.

Even if the Court is not persuaded that a different disposition is appropriate, whether delivery of a message directly to the landline of a wireless service provider which bypasses the recipient's cell phone number and handset, altogether, and does not otherwise result in any charge to the recipient qualifies as a "call" subject to the prohibitions set forth in 47 U.S.C. § 227(b)(1)(A)(iii) is a controlling issue of law for which substantial disagreement exists. By the Court's own admission, "this is a case of first impression" and no other court has "addressed whether direct-to-voicemail, or direct drop voicemails, are within the compass of 47 U.S.C. §

227(b)(1)(A)(iii)." Certification of this controlling question of law to permit an immediate appeal, pursuant to 28 U.S.C. § 1292(b), will materially advance the ultimate termination of this first-in-kind litigation and provide important clarification to the parties, this Court and interested parties within the Sixth Circuit and beyond.

    WHEREFORE, Dyck-O'Neal requests that the Court grant its request for reconsideration of the Court's Order denying Dyck-O'Neal's motion for summary judgment. Alternatively, Dyck-O'Neal requests that the Court certify the controlling issue of law regarding the applicability of the TCPA to the claims in this case for interlocutory appeal.

| | |
|---|---|
| Dated: October 3, 2018 | Respectfully Submitted, |
| | **VARNUM LLP** |
| | /s/ Charity A. Olson |
| | Charity A. Olson |
| | 300 N. 5th Ave., Suite 230 |
| | Ann Arbor, Michigan 48104 |
| | Tel: (734) 372-2914 |
| | Fax: (734) 372-2940 |
| | caolson@varnumlaw.com |

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on October 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

Dated: October 3, 2018

Respectfully Submitted,

**VARNUM LLP**

/s/ Charity A. Olson
Charity A. Olson
300 N. 5th Ave., Suite 230
Ann Arbor, Michigan 48104
Tel: (734) 372-2914
Fax: (734) 372-2940
caolson@varnumlaw.com