IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KAREN SAUNDERS, ) | |
|     Plaintiff, ) | |
| ) | Case No. 1:17-cv-00335 |
| v. ) | |
| ) | |
| DYCK O'NEAL, INC., ) | Hon. Judge Gordon J. Quist |
|     Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO
MOTION FOR INTERLOCUTORY APPEAL**

DONI has asked the Court to reconsider its summary judgment ruling or, alternatively, certify an issue for interlocutory appeal. Because W.D. Mich. L.R. 7.4(b) provides that "[n]o answer to a motion for reconsideration will be allowed unless requested by the Court," Plaintiff here addresses only the portion of Defendant's motion seeking an interlocutory appeal.[1]

First, this Court need not entertain untimely requests to certify an order for interlocutory appeal. DONI here waited two-and-a-half months to bring the instant motion—all the while continuing to litigate this case without once indicating any intent to do so—and its motion should, therefore, be denied on that basis alone.

Moreover, the Court's thorough and well-reasoned summary judgment determination properly held that prerecorded voicemails made to consumers' cell phones constituted "calls." There is no substantial ground for a difference of opinion on this point, and certification of the Court's summary judgment order for appeal is therefore inappropriate.

Consequently, and as further detailed below, Defendant's motion for an order certifying the Court's summary judgment order for interlocutory appeal should be denied.

---

[1] Plaintiff only notes that, where, as here, a motion for reconsideration "merely present[s] the same issues ruled upon by the Court," W.D. Mich. L.R. 7.4(a) provides that, notwithstanding the Court's discretion, such motions "shall not be granted."

## I.     BACKGROUND

### A.     The Telephone Consumer Protection Act

The Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, was enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). Congress found that the unique, personal nature and added cost of mobile phone use mandated strong consumer protections, specifically targeting the autodialed and prerecorded calls it considered to be a greater nuisance and privacy invasion than calls from "live" persons. *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, at ¶ 124 (2015). Indeed, as the Supreme Court held in a different context: "The unwilling listener's interest in avoiding unwanted communication is an aspect of the broader 'right to be let alone' ... the most comprehensive of rights and the right most valued by civilized men." *Hill v. Colorado*, 530 U.S. 703, 716–17 (2000) (citation omitted).

The TCPA broadly prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). "[It] is essentially a strict liability statute [that] does not require any intent for liability except when awarding treble damages." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011).

### B.     Case Background

Defendant debt buyer Dyck O'Neal, Inc. ("DONI") used a telecommunications vendor, VoApps, to leave dozens of prerecorded voicemail messages on Plaintiff's cell phone in an attempt to collect a purported debt she does not owe. Dkt. 36 at 3-7. These calls were all made without Plaintiff's consent and, in fact, DONI *continued* to call Plaintiff after she directly asked

it to stop. *Id.*; Dkt. 36-1, Saunders Decl. ¶¶ 9-10; Compl. ¶¶ 18-19. Plaintiff brought this action against DONI on April 12, 2017, seeking redress for the autodialed and prerecorded calls DONI made to herself and others in violation of the TCPA. Compl. ¶ 27. On December 22, 2017, Plaintiff furnished to DONI the Rule 26(a)(2) report of her expert, Randall Snyder, who opined, among other things, that DONI's DirectDrop Voicemail messages were "calls" to the recipients, identical in every meaningful way to the capabilities and functionalities of an automated text message, e-mail-to-text, or unattended message dialing system. Dkt. 36-2, Snyder Rep. ¶¶ 63-68, 69-72, 80-85, 114-121. Snyder's testimony is unrebutted: DONI did not move to strike it or submit a competing expert report. Nonetheless, on April 18, 2018, DONI moved for summary judgment as to whether its VoApps messages are "calls" under the TCPA. Dkt. 25.

The Court denied DONI's summary judgment motion after full briefing on July 16, 2018, and held that "Dyck O'Neal's direct-to-voicemail messages are a 'call' under the TCPA[.]" Dkt. 50, Order at 7. The parties conferred by phone through counsel on July 26, 2018, and Plaintiff issued a second set of discovery requests to DONI on August 21, 2018, after waiting several weeks as a courtesy at the request of defense counsel. Pursuant to the Court's order, Dkt. 51, the parties submitted a Joint Proposed Discovery Plan on September 6, 2018. Dkt. 52, and participated in a Rule 16 conference on September 11, 2018, Dkt. 53. DONI failed to indicate any intent to move for reconsideration or for leave to appeal in either representation to the Court, even though, for example, Paragraph 12 of the parties' Joint Proposed Discovery Plan was intended to identify contemplated motions, and despite the conferral requirement of W.D. Mich. L.R. 7.1(d). Nonetheless, on October 3, 2018, DONI moved for reconsideration or certification for leave to appeal as to the Court's denial of its summary judgment motion. Dkt. 55-56.

As detailed herein, Plaintiff requests that the Court deny DONI's motion.

3

## II. LEGAL STANDARD

"[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp. 2d 825, 831 (N.D. Ohio 1998). "Under 28 U.S.C. § 1292(b), a district judge has discretionary authority to certify an order for interlocutory appeal." *Delta Turner, Ltd. v. Grand Rapids-Kent Cty. Convention/Arena Auth.*, No. 08-544, 2009 WL 579374, at *1 (W.D. Mich. Mar. 4, 2009).[2] If the court chooses, it may certify an order for appeal if three requirements are met: "'(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" *Id.* (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). "Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus v. Bd. of Cty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

## III. THIS IS NOT ONE OF THE "EXCEPTIONAL CASES" IN WHICH AN INTERLOCUTORY APPEAL SHOULD BE PERMITTED.

The Court's sound reasoning in denying summary judgment was backed by abundant case law and regulatory decisions, undisputed evidence of Congressional intent, and the plain, dictionary meaning of the TCPA's statutory text. There is no substantial ground for a difference of opinion—in fact, when VoApps itself tried to get the FCC to hold that its prerecorded

---

[2] *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order….").

voicemails fell outside the auspices of the TCPA, VoApps tellingly withdrew its petition ***the very next day*** after presenting to FCC officials.³ Nor will an appeal materially advance the ultimate termination of this litigation: This case will not benefit from an indeterminate delay on DONI's specious, rehashed arguments, especially where Defendant can't even get the facts right in its proposed "question" for appeal to begin with. As such, the Court should decline to grant certification of its order for appeal, and DONI's untimely motion should be denied.

First, Defendant's request that the Court certify its summary judgment order for appeal should be denied as untimely. "District courts across the country have ... exercised their discretion to deny motions for certification deemed untimely[,]" including requests for Section 1292(b) certification filed as early as thirty days after the interlocutory order. *Teladoc, Inc. v. Texas Med. Bd.*, No. 15-343, 2016 WL 4362208, at *3 (W.D. Tex. Aug. 15, 2016) (citing cases); *see also Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (recognizing that while "[t]here is no time limit in the statute or in any applicable rules for seeking the district judge's permission to appeal under 1292(b), ... a district judge should not grant an inexcusably dilatory request[,]" and finding "no excuse" for the defendants' taking two months to do so, in denying leave to appeal). The Court here entered its summary judgment ruling on July 16, 2018 [Dkt. 50]—after which DONI waited more than *two-and-a-half months* to file its instant motion [Dkt. 55]. Not only that, but DONI's motion comes after Plaintiff's counsel acceded to DONI's request for an extension to respond to outstanding discovery (materials DONI now appears unwilling to produce), and after Defendant's participation in the Court's Rule 16 conference [Dkt. 52, 53]—all without once indicating that it intended to ask that the Court certify an order for appeal. DONI's motion is thus untimely and violates W.D. Mich.

---

³   Notice of FCC Meeting (June 11, 2015) (https://ecfsapi.fcc.gov/file/60001077801.pdf); VoApps Letter of Withdrawal (June 11, 2015) (https://ecfsapi.fcc.gov/file/60001077815.pdf).

L.R. 7.1(d), and it should be denied on this basis alone.[4]

Second, there is no substantial ground for a difference of opinion. "The 'substantial ground' requirement has been characterized as 'a genuine doubt or conflicting precedent as to the correct legal standard.'" *Hurley v. Deutsche Bank Tr. Co. Americas*, No. 08-361, 2009 WL 1067314, at *3 (W.D. Mich. Apr. 21, 2009) (citation omitted) (Quist, J.). "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Id.* (citing *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000). In the absence of conflicting case law on the issue, the fact that a defendant "simply disagrees with the Court's rulings … is insufficient to create a difference of opinion" that might warrant certifying an order for appeal. *Id.*[5]

This case is similar to this Court's prior decision in *Hurley v. Deutsche Bank Tr. Co. Americas*, No. 08-361, 2009 WL 1067314 (W.D. Mich. Apr. 21, 2009). There, the defendant likewise moved for reconsideration or certification for interlocutory appeal of a prior order—specifically, as to whether an implied right of action exists under the SCRA. *Id.* at *1. While the Court recognized that the matter at issue appeared to be one of first impression in the Sixth Circuit, it noted that "there [wa]s no conflict within the Sixth Circuit on any of the issues identified [], nor [wa]s there a circuit split on any of those issues." *Id.* at *3. As such, the Court

---

[4] The Sixth Circuit has held that "[a]ny motion which draws into question the correctness of a judgment or order is generally construed as a motion under Rule 59(e), regardless of how the motion is captioned[,]" *Barnett v. Cross*, 894 F.2d 1336 (6th Cir. 1990), providing that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Thus, while "[a] timely Rule 59(e) motion tolls the appeal time for all parties until entry of the order granting or denying the motion[,]" even if viewed this way, DONI's motion is untimely, having been filed more than two months after the Court's summary judgment order.
[5] *See also Sussman v. I.C. Sys., Inc.*, No. 12-181, 2013 WL 5863664, at *3 (S.D.N.Y. Oct. 30, 2013) (noting "[a] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b)[,]" and denying certification of appeal in TCPA case).

6

found that the lack of conflicting decisions could not stand as a basis for certification of an interlocutory appeal, and held the defendant's disagreement with the Court's ruling "insufficient to create a difference of opinion." *Id.* Here, too, DONI's mantra that "this is a case of first impression" is not enough to satisfy its burden of showing substantial grounds warranting certification, because, as in *Hurley*, there exists no conflicting precedent or basis for genuine doubt as to the Court's order.[6] *See Id.* (indicating that an issue of first impression can serve as ground for a difference of opinion, but with the caveat that the issue must also be "difficult").

DONI's bare assertion aside, there can be no genuine doubt as to the soundness of the Court's order: DONI cites no case law or regulatory or other precedent that conflicts with the Court's order—let alone a Circuit split on the issue—and thereby concedes that these potential grounds for a difference of opinion cannot support an appeal.[7] Dkt. 56, Def.'s Br. at 12; *Hurley*, 2009 WL 1067314, at *3.[8] Moreover, the Court's finding that DONI's VoApps voicemails were calls under the TCPA do not portray a "difficult" decision: The Court's order is bolstered by numerous decisions and FCC rulings supporting a broad interpretation of "call" under the TCPA[9]

---

[6] Tellingly, the little substantive argument DONI makes on this point is entirely devoid of citations to any authority it claims supports a different result. *See* Dkt. 56, Def.'s Br. at 13-14.

[7] *Compare Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 626 (D. Md. 2013) (denying motion for certification of an order for appeal in TCPA case, noting that "for purposes of § 1292(b), the litigants' positions are irrelevant—otherwise, every contested decision would be appropriate for immediate interlocutory appeal. What matters is whether the movant has shown a substantial ground for differences of opinion among the courts."); *Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, No. 08-3610, 2013 WL 466448, at *6 (D.N.J. Feb. 8, 2013) (denying defense motion for certification of appeal in TCPA case based on lack of "substantial ground" for different opinion).

[8] *See Somogyi v. Freedom Mortg. Corp.*, No. 17-6546, 2018 WL 3656158, at *2 (D.N.J. Aug. 2, 2018) (denying motion to dismiss in TCPA case in which plaintiff alleged defendant's use of "ringless voicemail" to place calls, although TCPA "call" issue not directly addressed).

[9] *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953-54 (9th Cir. 2009) (using dictionary definition of "call"—i.e., "to communicate with or try to get into communication with a person by a telephone"—in affirming that text messages are "calls" under TCPA); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013) ("The TCPA is a remedial statute that

—including Sixth Circuit precedent[10]—and the Court was resolute in its decision, finding that "[t]o hold otherwise 'would elevate form over substance, thwart Congressional intent that evolving technologies not deprive mobile consumers of the TCPA's protections, and potentially open a floodgate of unwanted [voicemail] messages to wireless consumers.'" Dkt. 50, Order at 7 (quoting *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, at ¶ 115 (2015)).

DONI's unsupported suggestion that this Court is somehow incapable of employing basic principles of statutory construction to interpret the TCPA merely because *other* courts haven't yet explicitly considered VoApps' messages is dead wrong,[11] and it conveniently ignores the fact that the only reason the *FCC* hasn't yet ruled on VoApps specifically is because VoApps abruptly withdrew its petition for such the day after what must have been a disastrous ex parte presentation of its position, *infra* fn. 3. Likewise, DONI's assertion that the TCPA was only designed to prevent "repeated, dropped or dead air calls,"[12] and its tone-deaf claim that its VoApps messages somehow *benefit* consumers by "allow[ing] recipients the freedom … to retrieve a message or not," conflict with the text of the TCPA,[13] abundant court and regulatory decisions citing the its broad remedial purpose in preventing unwanted phone communications,

---

was passed to protect consumers from unwanted automated telephone calls.... Because [of this], it should be construed to benefit consumers.").

[10] *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370-71 (6th Cir. 2015) (finding text messages engender same unwanted intrusions as calls Congress intended to prevent in enacting TCPA, in "unhesitatingly" agreeing that they should be treated as "calls" under statute).

[11] There is no doubt that this Court has jurisdiction over Plaintiff's TCPA claims. *Mims*, 565 U.S. at 386-87 (confirming that U.S. district courts have federal-question jurisdiction over TCPA claims). Moreover, that a case is "of first impression" does not somehow deprive a district court of its ability to interpret a statute. *See, e.g., DeGeorge v. C.D. Cal.*, 219 F.3d 930, 940 (9th Cir. 2000) (affirming district court's interpretation of statute on "issue of first impression," even though, unlike here, there was limited history showing legislative intent).

[12] DONI's suggestion that a statute that prohibits prerecorded messages was not designed to prohibit prerecorded messages is ridiculous.

[13] *See* 47 U.S.C. § 227(b)(1)(A)(iii) (broadly prohibiting making "any" call to a cell number using an autodialer or prerecorded voice, except in an emergency or with consent).

*e.g., Gager*, 727 F.3d at 271, and even the legislative history, finding that consumer complaints about unwanted messages clogging up voicemail was a *reason* the TCPA was enacted.[14]

In short, DONI used VoApps to communicate with Plaintiff through her cell phone. To hold that these dozens of unwanted telephone communications didn't constitute calls would ignore the dictionary-definition and plain-use meaning of the word "call," longstanding case law and regulatory precedent, and the remedial purpose of the TCPA in preventing unwanted telephone communications. There are no "substantial grounds"—or even reasonable grounds—for an alternative opinion, and DONI fails to specific a single decision or other authority to support its argument beyond its bare *conclusion* that the issues in this case are "subject to a good faith difference of opinion." Dkt. 56, Def.'s Br. at 13. This is not good enough. While it is true that the Court's order was dispositive of an important issue in the case, DONI asked the Court to decide the issue on an expedited schedule. As the Court held in *Hurley*, that Defendant "simply disagrees with the Court's rulings … is insufficient to create a difference of opinion," 2009 WL 1067314, at *3, and DONI's motion should, thus, be denied.

Finally, the proposed "question" DONI asks this Court to certify raises issues of fact that don't accurately reflect the VoApps dialing system it used to call Plaintiff and, thus, wouldn't materially advance this litigation or resolve *any* controlling legal issue in this case for which certification of an order for appeal might be granted.[15] "A 'question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide

---

[14]   *Compare* S. Rep. No. 102-178, 2, 1991 U.S.C.C.A.N. 1968, 1969 (Oct. 8, 1991) (citing complaints from consumers about automated calls "fill[ing] the entire tape of an answering machine, preventing other callers from leaving messages"), *with* Dkt. 36-4, Gies Dep. at 42 (███████████████████████████████████████████████████████).

[15]   DONI's request that the Court certify a "question" for appeal is contrary to § 1292(b), which permits certification of "orders." *See In re Trump*, 874 F.3d 948, 951 n.3 (6th Cir. 2017) ("[S]ection 1292(b) authorizes certification of *orders* for interlocutory appeal... Thus, if the petition is granted, we retain full discretion to review the district court's *order*.").

quickly and cleanly without having to study the record.'" *Wright v. Linebarger Googan Blair & Sampson, LLP*, No. 10-2304, 2012 WL 1022240, at *10 (W.D. Tenn. Mar. 26, 2012) (citation omitted). DONI asks the Court to certify whether "delivery of a message directly to the landline of a wireless service provider which bypasses the recipient's cell phone number and handset, altogether, and does not otherwise result in any charge to the recipient qualifies as a 'call' subject to the prohibitions set forth in 47 U.S.C. § 227(b)(1)(A)(iii)." Dkt. 56, Def.'s Mot. at 10. Plaintiff disagrees with DONI's characterization of its VoApps calls—which is a *factual* issue this Court has already considered in denying summary judgment.[16] DONI's messages were not only designed to be delivered to Plaintiff's cell phone handset, they *were in fact* delivered to her cell phone handset as intended. And whether a subscriber is "charged" for the call has no bearing on whether calls violate the TCPA. *Kane v. Nat'l Action Fin. Servs., Inc.*, 2011 WL 6018403, at *8 (E.D. Mich. Nov. 7, 2011) (TCPA plaintiff need not be charged for calls). Because DONI's proposed "question" for appeal raises issues of *fact* (as well as apparently new legal arguments) regarding the physical process of its VoApps calls—and utterly ignores its calls' purpose and result—DONI fails to identify a controlling question of law for which 28 U.S.C. § 1292(b) certification would be proper. As such, its motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration or certification of issues for interlocutory appeal [Dkt. 55] should be denied.

---

[16] For instance, VoApps *does* deliver messages to the voicemails associated with particular cell numbers ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 36-4, Gies Dep. at 34. Moreover, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Dkt. 36-4, Gies Dep. at 22-23, 25; Dkt. 36-1, Saunders Decl. ¶ 7. Re-litigating these factual issues is not appropriate for a § 1292 certification.

Dated: October 17, 2018                                        Respectfully submitted,

                                                        KAREN SAUNDERS

                                                        By:  *s/ Alexander H. Burke*

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com

Larry P. Smith
David Marco
SMITHMARCO, P.C.
55 W Monroe St., Suite 1200
Chicago, IL 60603
Telephone: (888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                           *s/ Alexander H. Burke*