# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-00335 |
| | ) | |
| v. | ) | |
| | ) | |
| DYCK O'NEAL, INC., | ) | Hon. Judge Gordon J. Quist |
| | ) | Hon. Mag. Judge Ray Kent |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## **TABLE OF CONTENTS**

**Page**

I. BACKGROUND ...................................................................................................................1

II. LEGAL STANDARD............................................................................................................3

III. ARGUMENT.........................................................................................................................4

    A. DONI's failure to timely object or respond constituted waiver and admission.......4

    B. Defendant should produce its call data and documents relevant to the class. .........4

    C. DONI should produce discovery regarding any purported "prior express consent" for the calls at issue.......................................................................................................7

    D. DONI should produce documents reflecting its relevant call, consent, and TCPA-related policies, practices, and procedures................................................................9

IV. CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Cty. of Missaukee*,
   No. 09-1059, 2013 WL 5786899 (W.D. Mich. Oct. 28, 2013) .................................................. 4

*Balbarin v. North Star Capital Acquisition, LLC*,
   No. 10-1846, 2010 U.S. Dist. LEXIS 118992 (N.D. Ill. Nov. 9, 2010) .................................... 8

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*,
   867 F.3d 434 (3d Cir. 2017) .................................................................................................... 6

*Cordoba v. DirecTV, LLC*,
   320 F.R.D. 582 (N.D. Ga. 2017) .............................................................................................. 8

*Donnelly v. NCO Fin. Sys, Inc.*,
   263 F.R.D. 500 (N.D. Ill. 2009) ............................................................................................... 8

*Edeh v. Midland Credit Mgmt., Inc.*,
   748 F. Supp. 2d 1030 (D. Minn. 2010) .................................................................................. 10

*Greene v. Cracker Barrel Old Country Store, Inc.*,
   No. 09-2110, 2009 WL 1885641 (W.D. Tenn. July 1, 2009) .................................................. 4

*Harris v. World Fin. Network Nat. Bank*,
   867 F. Supp. 2d 888 (E.D. Mich. 2012) .................................................................................. 7

*Hickman v. Taylor*,
   329 U.S. 495 (1947) ................................................................................................................ 3

*Lowe v. CVS Pharmacy, Inc.*,
   No. 14-3687, 2015 WL 13427768 (N.D. Ill. Feb. 6, 2015) ................................................... 10

*Meredith v. United Collection Bureau, Inc.*,
   319 F.R.D. 240 (N.D. Ohio 2017) ........................................................................................... 6

*Mims v. Arrow Fin. Servs., LLC*,
   132 S. Ct. 740 (2012) .............................................................................................................. 1

*Moore v. Armour Pharm. Co.*,
   927 F.2d 1194 (11th Cir. 1991) ............................................................................................... 4

*O'Shea v. Am. Solar Sol., Inc.*,
   No. 14-894, 2016 WL 701215 (S.D. Cal. Feb. 18, 2016) ..................................................... 10

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
    821 F.3d 992 (8th Cir. 2016) ................................................................................. 6

## Statutes

47 U.S.C. § 227 ............................................................................................................. 1

47 U.S.C. § 227(b)(1)(A) ............................................................................................... 7

47 U.S.C. § 227(b)(1)(A)(iii) ......................................................................................... 2

47 U.S.C. § 227(b)(3) .................................................................................................. 10

## Other Authorities

*In re Rules & Regs. Implementing the TCPA*,
    30 FCC Rcd. 7961 (2015) ........................................................................................ 1

## Rules

Fed. R. Civ. P. 26(b) ...................................................................................................... 4

Fed. R. Civ. P. 26(b)(1) .................................................................................................. 8

Fed. R. Civ. P. 33(b)(4) .................................................................................................. 4

Fed. R. Civ. P. 36(a)(6) .................................................................................................. 4

Plaintiff propounded her second set of discovery requests on Defendant Dyck O'Neal, Inc. ("DONI") over two months ago, and despite multiple extensions and meet-and-confers between the parties, DONI still hasn't provided a written response or substantive production.

Plaintiff's claims are based on autodialed calls she alleges DONI made to herself and others' cell phones in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Naturally, Plaintiff has propounded discovery relating to Defendant's calls to herself and the class, DONI's affirmative defense of "prior express consent", and policy, practice, and procedure materials regarding the calls, consent, and TCPA, indicative of DONI's knowledge and willfulness. This discovery is inherently relevant to the parties' claims and defenses, and where DONI has already *promised* to produce substantive responses and class call and consent-related data, there is no valid basis for its continued failure to furnish this pertinent discovery.

Plaintiff's counsel have tried repeatedly to obtain this basic discovery from Defendant, to no avail. As such, Plaintiff respectfully requests that the Court enter an order compelling DONI to provide full responses to her second set of discovery requests attached as Exhibit A, deem all objections waived, and deem all requests for admission admitted, as further detailed below.

**I.     BACKGROUND**

The TCPA, 47 U.S.C. § 227, was enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). Indeed, "[m]onth after month, unwanted robocalls and texts …top the list of consumer complaints received by the [FCC]." *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, at ¶ 72 (2015). To that end, some of the TCPA's most stringent restrictions pertain to calls to cell phones: The statute categorically bans the making of any non-emergency call using an automatic telephone dialing system or an artificial or prerecorded voice to any

telephone number assigned to a cellular telephone service, unless with the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

In this putative class action, Plaintiff Karen Saunders alleges that Defendant DONI made repeated debt collection calls to her cell phone using an autodialer that left multiple prerecorded voicemail messages on her phone. Compl. ¶¶ 11-16. Defendant did not have Plaintiff's consent to make its automated calls; in fact, DONI continued to robocall her cell phone even after she directly asked it to stop. Compl. ¶ 18-19. DONI answered Plaintiff's complaint on June 19, 2017, generally denying her allegations, and asserting a number of defenses, *see* Dkt. No. 6, Answer.

On July 27, 2017, this Court entered a scheduling order setting a deadline of October 10, 2017, for the parties to conduct discovery "limited to the question of whether the [TCPA] applies to the type of communication and technology allegedly used by Defendant or its supplier in this case." Dkt. No. 11. On April 18, 2018, DONI moved for summary judgment on whether the prerecorded VoApps DirectDROP messages it left on Plaintiff's cell phone's voicemail were "calls" under the TCPA, which the Court denied on July 16, 2018. Dkt. No. 25, 36, 48, 50.

On August 21, 2018, Plaintiff issued a second set of discovery requests to DONI, Exhibit A, including interrogatories and requests for admission and production. On September 24, 2018—when DONI's responses were *already four days late*—defense counsel asked for a 14-day extension to respond, to October 8, 2018, which Plaintiff's counsel granted. Exhibit B at 3-4. However, DONI did not respond to Plaintiff's discovery requests, and it took three e-mails, an unanswered voicemail, and a threatened discovery motion before DONI's attorney finally agree to meet-and-confer. Exhibit B at 1-2. During the parties' subsequent call on October 16, 2018, DONI's counsel indicated that DONI had responded to Plaintiff's requests for admission via U.S. Mail, but had elected to ***not*** respond to Plaintiff's interrogatories or production requests at

2

all. Exhibit B at 1. DONI promised to provide substantive responses by October 22, 2018. *Id.*

Even though Plaintiff's counsel had warned DONI that Plaintiff viewed DONI's discovery gamesmanship as having resulted in automatic and equitable waiver of all objections, *Id.*, DONI *still* failed to respond to Plaintiff's discovery requests on the promised date of October 22, 2018. Exhibit C. Instead, defense counsel called Plaintiff's counsel on October 22, 2018, and requested yet more time to respond. Plaintiff's counsel agreed to a further extension until October 24, 2018, on the following condition: "Plaintiff would withdraw [her] position that DONI's objections to our requests were waived, if DONI (1) produced all of its non-data documents and responses by October 24, and (2) DONI agreed to produce the account notes and other account/consent-related data for all persons who were successfully direct-dropped through VoApps, within three weeks, by November 12[, 2018]." *Id.* Defense counsel agreed.

Yet, on October 24, 2018, DONI produced no written responses, and just nine (9) pages of policy/procedure documents. Plaintiff also has not received the responses to her requests for admission DONI claims were previously mailed, and DONI has failed to provide them by email.

DONI's blatant disregard for its discovery obligations in this case should not be tolerated. As detailed herein, Plaintiff's motion to compel should, respectfully, be granted.

## II.   LEGAL STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The scope of discovery is broad—parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As such, "[t]he Federal Rules of Civil Procedure ... strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

### III.   ARGUMENT

**A.   DONI's failure to timely object or respond constituted waiver and admission.**

By repeatedly failing to object or otherwise respond to Plaintiff's discovery requests, DONI waived all objections and further admitted Plaintiff's requests for admission.

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *Greene v. Cracker Barrel Old Country Store, Inc.*, No. 09-2110, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009) (finding party's failure to timely seek extension waived objections) (citation omitted); *see also* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Likewise, "[i]f the court finds that an answer does not comply with Rule 36 [request for admission], 'the court may order either that the matter is admitted or that an amended answer be served.'" *Baker v. Cty. of Missaukee*, No. 09-1059, 2013 WL 5786899, at *5 (W.D. Mich. Oct. 28, 2013) (quoting Fed. R. Civ. P. 36(a)(6)). Thus, here, because DONI's failed to respond or object to Plaintiff's discovery requests when its responses were originally due on September 24, 2018 – and every extension thereafter – it should be deemed to have waived any objections and admitted all requests for admission.

**B.   Defendant should produce its call data and documents relevant to the class.**

Plaintiff seeks to represent a class of persons who – like herself – received DONI's automated calls. Dkt. No. 1 at 27. Showing that these calls were made is not only necessary to

4

prove Plaintiff's *prima facie* case; it is needed to establish the ascertainability, numerosity, commonality, and other requirements for class certification under Fed. R. Civ. P. 23, and even the ultimate relief to which Plaintiff and the class can be afforded, given that the TCPA provides for damages on a per-violation (i.e., per-call) basis, 47 U.S.C. § 227(b)(3). Plaintiff, therefore, issued discovery seeking to identify the VoApps calls DONI made to herself and the class:

> **Interrogatory No. 13.** Detail each call you had VoApps make using its DirectDROP Voicemail service, including all available call detail information (e.g., date/time, phone number called, disposition, etc.), the message played, and the associated account and person targeted. For example but without limitation, the type of information produced as VoApps0000225-288 in relation to Plaintiff Saunders would be responsive.
> **Production Request No. 18.** All data and documents relating to any call you had VoApps make using its DirectDROP Voicemail service, including but not limited to call detail information (e.g., date/time, phone number called, disposition, etc.), the message played, and the associated account and person targeted.
> **Admission Request No. 1.** Admit that the calls you had VoApps make used a prerecorded voice.
> **Admission Request No. 2.** Admit that all the calls VoApps made for you were made to numbers assigned to a cellular telephone service.
> **Admission Request No. 8.** Admit that you had VoApps make calls to more than 1,000 cell phone numbers.
> **Admission Request No. 9.** Admit that you had VoApps make calls to more than 10,000 cell phone numbers.
> **Admission Request No. 10.** Admit that you had VoApps make calls to more than 100,000 cell phone numbers.
> **Admission Request No. 14.** Admit that you knew VoApps would play prerecorded messages on the voicemails of the phone numbers you provided it to call.

These requests are narrowly limited in scope to the VoApps prerecorded voicemail calls DONI made to Plaintiff and other class members, and encompass the basic call detail information and other data that Defendant and its vendor VoApps are known to have, as evidenced by the fact that they have already produced such materials as to Plaintiff Saunders to the exclusion of other class members. Not only are these requests directly probative of the calls Plaintiff sued about, but given their applicability to establishing ascertainability, numerosity,

5

predominance, and other Rule 23 class certification requirements and the ultimate relief Plaintiff and the class can be afforded based on the TCPA's per-call statutory damages under 47 U.S.C. § 227(b)(3)—and *the fact that DONI promised to produce responsive class data*, Exhibit C—there is no justification for DONI's continued failure to furnish this relevant discovery.

Even if DONI hadn't already committed to produce this discovery, given call data's inherent relevance to a case like this one—which is literally *about* such calls—courts routinely order production of class call data in TCPA cases. *See Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 243 (N.D. Ohio 2017) (ordering production of class call and consent-related data, finding it "relevant to establishing the size and nature of the class" and "to the relief available under the TCPA because the statute provides for damages on a per-violation basis"); *Michel v. WM Healthcare Sols., Inc.*, No. 10-638, 2011 WL 6056728, at *4 (S.D. Ohio Sept. 8, 2011) (rejecting privacy objections as to production of a class list after weighing burden against benefit); *Kane v. Nat'l Action Fin. Servs., Inc.*, No. 11-11505, 2012 WL 1658643, at *7 (E.D. Mich. May 11, 2012) (similar); *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 442 (3d Cir. 2017) (holding district court abused discretion by denying certification in TCPA case since it denied plaintiff class data, and remanding "so that the … database can be produced); *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 997 (8th Cir. 2016) (reversing class certification denial in TCPA fax case because "logs showing the numbers that received each fax are objective criteria that make the recipient clearly ascertainable").

It is axiomatic that, in a case *about* the phone calls DONI made to Plaintiff and other consumers, the calls themselves are inherently relevant. DONI has already committed to producing the call data responsive to these requests, and given its failure to do so, the Court should compel such production.

### C. DONI should produce discovery regarding any purported "prior express consent" for the calls at issue.

"Prior express consent" is the primary defense that TCPA defendants like DONI raise both on the merits and against class certification. *See* 47 U.S.C. § 227(b)(1)(A) (prohibiting automated calls to cell phones, unless if made with the "prior express consent" of the called party); Dkt. 6, Answer at 12 (alleging "Plaintiff's claims may be barred … by consent").[1] As such, Plaintiff issued several discovery requests to investigate the basis of any purported "consent" DONI claims to have for the calls at issue, as well as for proof that DONI *lacked* consent—whether because the consumer told DONI to stop, the phone numbers called had been obtained from some source other than the called party directly (like skip-tracing), or otherwise:

> **Interrogatory No. 14.** If you contend that you had prior express consent to call any of the phone numbers you had VoApps call using its DirectDROP Voicemail service, explain the scope of that consent and how you obtained it, including whether the consumer provided you with his or her phone number directly and, if not, from whom you acquired it.
> **Production Request No. 19.** All data and documents relating to how you obtained or identified the phone numbers you had VoApps call using its DirectDROP Voicemail service.
> **Production Request No. 20.** All data and documents relating to your acquisition of any phone number using skip-tracing or some method other than from the consumer directly. To the extent you are able, you may limit your response to this request to only those phone numbers DONI had VoApps call using its DirectDROP Voicemail service.
> **Production Request No. 21.** All data and documents relating to whether or not you had consent or permission to call the phone numbers you had VoApps call using its DirectDROP Voicemail service.
> **Admission Request No. 3.** Admit that you did not obtain [Plaintiff's cell phone number] from Plaintiff directly.
> **Admission Request No. 4.** Admit that Plaintiff did not provide you with permission or consent to call [Plaintiff's cell phone number].
> **Admission Request No. 5.** Admit that Plaintiff asked you to stop calling [Plaintiff's cell phone number].
> **Admission Request No. 6.** Admit that you obtained [Plaintiff's cell phone number] through skip-tracing.

---

[1] *See Harris v. World Fin. Network Nat. Bank*, 867 F. Supp. 2d 888, 898 (E.D. Mich. 2012) ("The burden of establishing prior consent is on the defendant.").

>**Admission Request No. 7.** Admit that you used skip-tracing to identify some phone numbers that you had VoApps call.
>**Admission Request No. 11.** Admit that more than 1,000 cell phone numbers you had VoApps call had been obtained through skip-tracing.
>**Admission Request No. 12.** Admit that more than 10,000 cell phone numbers you had VoApps call had been obtained through skip-tracing.
>**Admission Request No. 13.** Admit that more than 100,000 cell phone numbers you had VoApps call had been obtained through skip-tracing.

Because Plaintiff's above discovery requests directly related to DONI's consent defense, they fall squarely within the permissible scope of discovery. Fed. R. Civ. P. 26(b)(1). And as with its call data, DONI has already committed to producing its consent-related data, Exhibit C. Therefore, there is no valid basis for its continued failure to produce such relevant discovery.

Courts in TCPA cases frequently require defendants to produce consent data, particularly where, as in this case, the defendant is expected to argue that purported "individualized issues" of consent preclude class certification. *E.g., Cordoba v. DirecTV, LLC*, 320 F.R.D. 582, 593 (N.D. Ga. 2017) (ruling on class certification in TCPA case that "Plaintiff would face substantial prejudice if he was forced to respond to DIRECTV's proposed [consent] defense without access to the data on which this defense appears to rest"); *Donnelly v. NCO Fin. Sys, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009), defendant's Fed. R. Civ. P. 72 objections overruled by *Donnelly v. NCO Fin. Sys. Inc.*, 09-2264, 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December 16, 2008 Order and directs NCO to comply fully with it or face sanctions that may include striking its defenses."); *Balbarin v. North Star Capital Acquisition, LLC*, No. 10-1846, 2010 U.S. Dist. LEXIS 118992, at *3 (N.D. Ill. Nov. 9, 2010).

Because Plaintiff needs DONI's consent-related data and discovery to not only rebut its defense on the merits, but to address DONI's predominance arguments at class certification, the Court should compel such inherently relevant discovery. DONI committed to producing these

8

materials in exchange for yet another extension, and it cannot now fairly withhold them.

### D. DONI should produce documents reflecting its relevant call, consent, and TCPA-related policies, practices, and procedures.

Policy, practice, and procedure documents – including reflective communications – relating to DONI's call, consent, and TCPA-related practices are inherently relevant to this case *based on* the automated calls DONI made to Plaintiff and others in violation of the TCPA, and they will further enable Plaintiff to establish why this Court should grant enhanced damages based on DONI's willful violation of the statute. To this end, Plaintiff propounded several discovery requests relating to DONI's applicable policies, practices, and procedures:

> **Interrogatory No. 15.** Explain DONI's policies, practices, and procedures relating to calls made using VoApps' DirectDROP Voicemail service.
> **Interrogatory No. 16.** Explain DONI's policies, practices, and procedures relating to obtaining phone numbers to call.
> **Interrogatory No. 17.** Explain DONI's policies, practices, and procedures relating to consent or lack of consent to call telephone numbers.
> **Production Request No. 22.** All documents relating to policies, practices, and procedures for outbound calling.
> **Production Request No. 23.** All manuals and policy, practice, and procedure documents relating to VoApps' DirectDROP Voicemail service.
> **Production Request No. 24.** All documents relating to policies, practices, and procedures for obtaining phone numbers to call.
> **Production Request No. 25.** All documents relating to policies, practices, and procedures as to obtaining and tracking consent to call telephone numbers.
> **Production Request No. 26.** All documents relating to policies, practices, and procedures relating to the TCPA.

Policy, practice, and procedure documents relating to DONI's outbound calls, use of VoApps' DirectDROP service, consent, and the TCPA will contain pertinent information about how the calls at issue were made, and the use and capacity of the system used (itself relevant to establishing DONI's use of an autodialer), and DONI's consent defense (including by showing that *how* DONI obtains the phone numbers it calls fails to satisfy the TCPA). Moreover, the TCPA provides for enhanced damages for willful or knowing violations under 47 U.S.C. §

9

227(b)(3), *see Krakauer v. Dish Network LLC*, No. 14-333, 2017 WL 2242952, at *9 (M.D.N.C. May 22, 2017), and these materials are thus also relevant to rebutting DONI's Fifth Affirmative Defense, which claims that any violations were *not* willful or knowing. Dkt. No. 6, Answer at 12.

Courts overseeing TCPA cases routinely order defendants to produce comparable documents relating to the defendant's call, consent, and TCPA practices. *See O'Shea v. Am. Solar Sol., Inc.*, No. 14-894, 2016 WL 701215, at *5 (S.D. Cal. Feb. 18, 2016) (compelling production of TCPA compliance documents and communications, finding them "directly related to [plaintiff's] TCPA claim, and … therefore discoverable"); *Lowe v. CVS Pharmacy, Inc.*, No. 14-3687, 2015 WL 13427768, at *5 (N.D. Ill. Feb. 6, 2015) (compelling "[a]ll communications, policies, training materials, memoranda, and other documents relating to the TCPA … or any other telemarketing laws"); *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1045 (D. Minn. 2010) (compelling policy manuals, procedure manuals, or other documents distributed to employees, lawsuits filed, and court judgments and sanctions issued against defendant as to TCPA, and other documents as to compliance with the TCPA or invasions of consumer privacy).

Documents reflecting DONI's policies, practices, and procedures—including communications and similar materials showing the extent to which such policies were actually followed—are inherently relevant to this case, are subject to DONI's own promise to provide substantive responses in exchange for an extension, and should be produced.

## IV.     CONCLUSION

Plaintiff respectfully requests that the Court enter an order: (1) compelling DONI to produce full and complete responses to Plaintiff's Second Set of Discovery Requests to Defendant; (2) deeming DONI to have waived objections; (3) deeming Plaintiff's requests for admission admitted; and (4) granting such other and further relief deemed reasonable and just.

Dated: October 30, 2018                    Respectfully submitted,

                                           KAREN SAUNDERS

                                           By: _s/ Alexander H. Burke_

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
aburke@burkelawllc.com

Larry P. Smith
David Marco
SMITHMARCO, P.C.
55 W Monroe St., Suite 1200
Chicago, IL 60603
Telephone: (888) 822-1777
Facsimile: (888) 418-1277
lsmith@smithmarco.com
dmarco@smithmarco.com

*Counsel for Plaintiff*

## FED. R. CIV. P. 37(A)(1) STATEMENT

The undersigned certifies that Plaintiff, through counsel, has in good faith conferred with Defendant in an effort to obtain the discovery requested herein without court action, but that such attempts were unsuccessful, including through meet-and-confer calls between myself and defense counsel Charity Olson on October 16, 2018 and October 22, 2018, and through numerous e-mails. *See, e.g.,* Exhibit B, Exhibit C.

                                            _s/ Alexander H. Burke_

11

## PROOF OF SERVICE

I hereby certify that, on October 30, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Alexander H. Burke*