IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KAREN SAUNDERS, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DYCK O'NEAL, INC., )<br>      Defendant. ) | Case No. 1:17-cv-00335<br><br>Hon. Judge Gordon J. Quist |

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS TO DEFENDANT**

Pursuant to Fed. R. Civ. P. 33, 34, and 36, Plaintiff Karen Saunders requests that Defendant Dyck O'Neil, Inc. (hereinafter "Defendant", "DONI', or variations of "you") respond to the following interrogatories, requests for production, and requests for admission. Documents should be copied and sent to Plaintiff's counsel on the date the response is due.

Throughout this request:

1. Unless otherwise specified in a particular paragraph, the time period covered by this request is April 12, 2013, to present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g.,

lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.  All requests are also directed to all parent, related, affiliate, and subsidiary companies of Defendant, to the greatest extent permissible under the discovery rules.  Moreover, Defendant is to make transparent, best efforts to obtain materials from third parties such as vendors, which are within its "possession, custody or control" as those terms appear in Fed. R. Civ. P. 34.

5.  Please use the attached document production protocol for formatting document request responses. Class member and/or call data should be produced in delimited text format so that it may be reviewed and manipulated in a way that maintains the integrity of the data (e.g., tables and columns).

6.  For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible, explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## INTERROGATORIES

13.  Detail each call you had VoApps make using its DirectDROP Voicemail service, including all available call detail information (e.g., date/time, phone number called, disposition,

etc.), the message played, and the associated account and person targeted. For example but without limitation, the type of information produced as VoApps0000225-288 in relation to Plaintiff Saunders would be responsive.

14. If you contend that you had prior express consent to call any of the phone numbers you had VoApps call using its DirectDROP Voicemail service, explain the scope of that consent and how you obtained it, including whether the consumer provided you with his or her phone number directly and, if not, from whom you acquired it.

15. Explain DONI's policies, practices, and procedures relating to calls made using VoApps' DirectDROP Voicemail service.

16. Explain DONI's policies, practices, and procedures relating to obtaining phone numbers to call.

17. Explain DONI's policies, practices, and procedures relating to consent or lack of consent to call telephone numbers.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce:

18. All data and documents relating to any call you had VoApps make using its DirectDROP Voicemail service, including but not limited to call detail information (e.g., date/time, phone number called, disposition, etc.), the message played, and the associated account and person targeted.

19. All data and documents relating to how you obtained or identified the phone numbers you had VoApps call using its DirectDROP Voicemail service.

20. All data and documents relating to your acquisition of any phone number using skip-tracing or some method other than from the consumer directly. To the extent you are able,

you may limit your response to this request to only those phone numbers DONI had VoApps call using its DirectDROP Voicemail service.

21. All data and documents relating to whether or not you had consent or permission to call the phone numbers you had VoApps call using its DirectDROP Voicemail service.

22. All documents relating to policies, practices, and procedures for outbound calling.

23. All manuals and policy, practice, and procedure documents relating to VoApps' DirectDROP Voicemail service.

24. All documents relating to policies, practices, and procedures for obtaining phone numbers to call.

25. All documents relating to policies, practices, and procedures as to obtaining and tracking consent to call telephone numbers.

26. All documents relating to policies, practices, and procedures relating to the TCPA.

## REQUESTS FOR ADMISSION

1. Admit that the calls you had VoApps make used a prerecorded voice.

2. Admit that all the calls VoApps made for you were made to numbers assigned to a cellular telephone service.

3. Admit that you did not obtain [Plaintiff's Number] from Plaintiff directly.

4. Admit that Plaintiff did not provide you with permission or consent to call [Plaintiff's Number].

5. Admit that Plaintiff asked you to stop calling [Plaintiff's Number].

6. Admit that you obtained [Plaintiff's Number] through skip-tracing.

- 4 -

7. Admit that you used skip-tracing to identify some phone numbers that you had VoApps call.

8. Admit that you had VoApps make calls to more than 1,000 cell phone numbers.

9. Admit that you had VoApps make calls to more than 10,000 cell phone numbers.

10. Admit that you had VoApps make calls to more than 100,000 cell phone numbers.

11. Admit that more than 1,000 cell phone numbers you had VoApps call had been obtained through skip-tracing.

12. Admit that more than 10,000 cell phone numbers you had VoApps call had been obtained through skip-tracing.

13. Admit that more than 100,000 cell phone numbers you had VoApps call had been obtained through skip-tracing.

14. Admit that you knew VoApps would play prerecorded messages on the voicemails of the phone numbers you provided it to call.

Dated: August 21, 2018                                         *s/ Alexander H. Burke*

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com

Larry P. Smith
David Marco
SMITHMARCO, P.C.
55 W Monroe St., Suite 1200
Chicago, IL 60603
Telephone: (888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 21, 2018, I caused ***Plaintiff's Second Set of Discovery Requests to Defendant*** to be provided via electronic mail to Defendant's following counsel of record:

    Charity A. Olson
    Varnum LLP
    300 N. 5th Ave., Suite 230
    Ann Arbor, MI 48104
    caolson@varnumlaw.com

                                                                        */s/ Alexander H. Burke*

**INSTRUCTIONS AND DEFINITIONS**                                       **Exhibit A**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors, subsidiaries, related companies, and corporate parents.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the location of the document; the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document and all revisions.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of

each person present when it was made; the location of the data/hard copy of the communication and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, implementing regulations 47 C.F.R. § 64.1200, and all FCC opinions and orders interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.