UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KAREN SAUNDERS,

    Plaintiff,

v.                                                                                          Case No. 1:17-CV-335

DYCK O'NEAL, INC.,                                                          HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT

Plaintiff, Karen Saunders, filed a class action complaint against Defendant, Dyck O'Neal, Inc. (DONI), alleging that DONI violated the Telephone Consumer Protection Act (TCPA) when it used VoApps, Inc.'s direct-to-voicemail technology to leave prerecorded voicemails on Saunders's cell phone.  On July 27, 2017, pursuant to DONI's request at the July 26, 2017, Rule 16 Scheduling Conference, the Court entered an Order directing DONI to file a motion for summary judgment limited to the issue of "whether the TCPA applies to the type of communication and technology allegedly used by [DONI] or its supplier in this case." (ECF No. 11.)  The Court also afforded the parties 75 days to conduct discovery on the foregoing issue. (*Id.*)

DONI filed its motion for summary judgment on April 18, 2018 (ECF No. 25), Saunders filed her response on May 25, 2018 (ECF No. 36), and DONI filed its reply on June 29, 2018 (ECF No. 48.)  On July 16, 2018, the Court issued an Opinion and Order denying DONI's motion for summary judgment. (ECF No. 50.)  In particular, the Court held that DONI's "direct-to-voicemail messages are a 'call' under the TCPA." (*Id.* at PageID.504.)

On August 27, 2019, Saunders filed a motion for summary judgment, in which she requested that the Court grant her summary judgment on the "limited issue" the Court decided in its July 16, 2018, Opinion—that DONI's "direct-to-voicemail messages are a 'call' under the TCPA." (ECF No. 106 at PageID.885.)  Saunders explains that she requests summary judgment because DONI contends that, given Saunders's failure to move for summary judgment on the issue of coverage under the TCPA, DONI is entitled to develop additional fact and expert testimony in order to re-present the issue to the Court.[1]  (*Id.* at PageID.884–85.)

DONI's response disputes Saunders's entitlement to summary judgment but misses the point of her motion.  Admittedly, Saunders moved for summary judgment, but her motion is in fact limited to a request for clarification of the impact of the Court's prior ruling:  Was the Court's prior ruling that DONI's messaging technology falls within the purview of the TCPA a ruling as a matter of law that binds the parties going forward?  The answer is clearly yes.  To reiterate, DONI requested that the Court bifurcate the issue of coverage under the TCPA and allow discovery and, ultimately, a ruling on that issue, to allow for a possible early resolution of the case.  The parties and the Court having spent significant time and resources on the issue, allowing DONI to re-open the issue would be contrary to the purpose of bifurcating the issue in the first instance.

DONI's arguments that Saunders failed to comply with Fed. R. Civ. P. 56(c) and failed to show the existence of a call being placed by the VoApps technology to her cell phone, as required to establish her claim, and that a genuine issue of material fact remains as to whether Saunders provided express consent through Wells Fargo, are irrelevant.  These issues were unnecessary to

---

[1]Saunders stated in her motion that she had not moved for summary judgment on the issue because of the one-way intervention doctrine, *see Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 193 F.3d 415, 429 (6th Cir. 1999), but that she filed the instant motion because DONI had waived the protections of the doctrine.  *(Id.* at PageID.885.)

Saunders's motion, as she has not moved for summary judgment on her claim.  Moreover, DONI has not moved for summary judgment on the issues it raises in its response, although it is free to do so.  In short, the Court's July 16, 2018, Opinion and Order denying DONI's motion for summary judgment, in which the Court held that DONI's "direct-to-voicemail messages are a 'call' under the TCPA," (ECF No. 50 at PageID.504), is the law of the case and is binding on the parties going forward.  *See Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) ("The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)).

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Summary Judgment (ECF No. 106), which the Court construes as a motion for partial summary judgment limited to the issue decided in its July 16, 2018, Opinion and Order Denying Defendant's Motion for Summary Judgment (ECF No. 50), is **GRANTED**.

Dated:  October 4, 2019                             /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE