UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KAREN SAUNDERS,

       Plaintiff,                            Case No. 1:17-cv-00335

v.                                        HON. GORDON J. QUIST

DYCK O'NEAL, INC.,

       Defendant.
_____/

## ORDER REGARDING PENDING MOTIONS

The parties have filed several motions in the past month. This order addresses (1) Defendant's Second Motion for Summary Judgment (ECF No. 118); (2) Defendant's Motion to Strike and Exclude Report and Testimony of Randall A. Snyder (ECF No. 121); (3) Plaintiff's Motion to Strike Motions and Declarations (ECF No. 130); (4) Plaintiff's Motion to Stay or Suspend Briefing on Defendant's Motions for Summary Judgment and to Strike, or Alternatively for Immediate Telephonic Status Conference (ECF No. 131); and (5) Defendant's Motion for Reconsideration (ECF No. 137).[1] For the reasons stated below, Plaintiff's Motion to Strike is granted in part and denied in part; Defendant's Second Motion for Summary Judgment is stricken from the record; Defendant's Motion to Strike and Exclude is denied without prejudice; Plaintiff's Motion to Stay or Suspend Briefing is denied as moot; and Defendant's Motion for Reconsideration is denied.

---

[1] The Court referred a sixth motion—Defendant's Objection/Request for Clarification of Magistrate's Order (ECF No. 134)—to U.S. Magistrate Judge Ray Kent.

I.      **Plaintiff's Motion to Strike Motions and Declarations**

Plaintiff filed a motion requesting that the Court strike Defendant's Second Motion for Summary Judgment, the Declaration of David A. King, and Defendant's Motion to Strike and Exclude Report and Testimony of Randall A. Snyder.  The Court addresses each in turn.

a.  **Defendant's Second Motion for Summary Judgment**

Plaintiff requests that the Court strike Defendant's Second Motion for Summary Judgment because it is another attempt to relitigate an issue that the Court has already decided.

The parties have spent considerable time litigating "whether the Telephone Consumers Protection Act applies to the type of communication and technology allegedly used by Defendant or its supplier in this case." (ECF No. 11 at PageID.44.)  In 2017, at Defendant's request, the Court bifurcated discovery in order to resolve this issue first.  (*Id.*)  Defendant then filed a Motion for Summary Judgment on this issue (ECF No. 25) and, on July 16, 2018, the Court denied the motion and found that the communication and technology at issue falls within the purview of the Telephone Consumers Protection Act (ECF No. 50).  Thus, in the Court's view, the issue was resolved on July 16, 2018.

But the parties apparently disagreed about the meaning of the Court's ruling, which led to Plaintiff filing a Motion for Partial Summary Judgment on the same issue.  (ECF No. 106.)  On October 14, 2019, the Court granted Plaintiff's motion and reiterated that Defendant's direct-to-voicemail messages are a "call" under the TCPA. (ECF No. 111.)  However, the Court left open the possibility that Defendant could argue that Plaintiff "failed to show the existence of a call being placed by the VoApps technology to her cellphone."  (*Id.* at PageID.1150.)  This was perhaps an oversight.  The Court's statement was not intended to encourage more litigation on the same issue that was already decided.

In its Second Motion for Summary Judgment, Defendant argues that Plaintiff cannot show the existence of a call being made to her cellphone because the call never goes to a cellular device. Instead, Defendant argues, the call goes directly to a voicemail box and, therefore, the Telephone Consumers Protection Act does not apply. Defendant made a similar argument in its first summary judgment motion. (*See* ECF No. 25 at PageID.91 ("the delivery of a voice message directly to a voicemail box does not constitute a 'call' subject to the prohibitions set forth in 47 U.S.C. § 227(b)(1)(A)(iii)."); ECF No. 48 at PageID.486 ("the TCPA does not impose liability for voicemail messages, delivered directly to a voicemail service provider, that never pass through a person's cellular telephone line or result in a delivery charge to the subscriber.").) As described above, the Court has already ruled—twice—that the Telephone Consumers Protection Act applies to the communications used by Defendant in this case. The Court need not rule on the issue a third time. Therefore, Defendant's Second Motion for Summary Judgment is stricken from the record.

b. **Declaration of David A. King**

Plaintiff next requests that the Court strike the Declaration of David A. King, which was attached to Defendant's Second Motion for Summary Judgment. Plaintiff argues that Defendant failed to properly and timely disclose Mr. King or provide his declaration during the merits discovery period that ended on January 12, 2019. Plaintiff's argument is persuasive. However, the Court need not reach this issue because, as stated above, Defendant's Second Motion for Summary Judgment is stricken from the record. Thus, Mr. King's declaration is no longer before the Court and the relief requested by Plaintiff is moot.

### c. Defendant's Motion to Strike and Exclude Report and Testimony of Randall A. Snyder

Plaintiff also requests that the Court strike Defendant's Motion to Strike and Exclude Report and Testimony of Randall A. Snyder. Plaintiff disclosed Mr. Snyder as an expert in December 2017. At the time, Defendant did very little to challenge Mr. Snyder's testimony. Defendant elected not to depose Mr. Snyder. Similarly, Defendant did not name a rebuttal expert. In May 2018, Plaintiff submitted Mr. Snyder's declaration and his expert report as exhibits to her response to Defendant's Motion for Summary Judgment. The Court decided that motion in 2018.

In the Court's view, Mr. Snyder's declaration and testimony are not currently before the Court. Instead, Defendant is again attempting to reopen an issue that was already decided. Defendant should have challenged Mr. Snyder's testimony before the Court's first summary judgment ruling. However, if Plaintiff seeks to use Mr. Snyder's declaration or report in another dispositive motion or in a class-certification motion, Defendant may file another motion seeking to exclude his report.[2] Therefore, Defendant's Motion to Strike and Exclude the Testimony of Randall A. Snyder is denied without prejudice.

## II. Plaintiff's Motion to Stay or Suspend Briefing

Plaintiff also filed a Motion to Stay or Suspend Briefing on Defendant's Motions for Summary Judgment and to Strike, or Alternatively for Immediate Telephonic Status Conference. As stated above, Plaintiff's first motion to strike is granted in part and there is no further briefing required on any of Defendant's motions. Therefore, Plaintiff's motion is denied as moot.

---

[2] Even though the Court will permit Defendant to file another motion to exclude Mr. Snyder's testimony if his testimony becomes relevant again, the Court may still consider the timeliness of the challenge when addressing the motion.

4

### III. Defendant's Motion to Reconsider

Finally, Defendant filed a motion requesting that the Court reconsider a previous order that extended the dispositive motion deadline. Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from the correction thereof."

The Court is not persuaded that it was misled or that it applied an incorrect legal standard. "A district court may modify a scheduling order for 'good cause.'" *Prewitt v. Hamline Univ.*, 764 F. App'x 524, 530 (6th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)). In this case, the dispositive deadline was initially set on December 2, 2019. But on that date, Plaintiff requested that the Court extend the dispositive motion deadline and set other deadlines. Plaintiff informed the Court that Defendant opposed the extension of the dispositive motion deadline. Despite Defendant's objection, the Court found that Plaintiff had shown good cause based on the recent flurry of motions, including motions for protective order and to compel, Defendant's Second Motion for Summary Judgment, and Defendant's Motion to Strike and Exclude. Most notably, Defendant's recent motions attempt to relitigate issues that this Court has already decided, thus, it was unclear as to the remaining disputed issues. Therefore, Defendant's Motion for Reconsideration is denied.[3]

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (ECF No. 130) is **granted in part and denied in part**; Defendant's Second Motion for Summary Judgment (ECF No. 118) is **struck and removed from the record**; Defendant's Motion to Strike and Exclude

---

[3] Although Defendant argues that it is prejudiced by the dipositive motion deadline extension, all of its prejudice arguments are premised on the fact that Defendant already filed its Second Motion for Summary Judgment. However, as stated above, Defendant's Second Motion for Summary Judgment is stricken from the record.

Report and Testimony of Randall A. Snyder (ECF No. 121) is **denied without prejudice**; Plaintiff's Motion to Stay or Suspend Briefing on Defendant's Motions for Summary Judgment and to Strike, or Alternatively for Immediate Telephonic Status Conference (ECF No. 131) is **denied as moot**; and Defendant's Motion for Reconsideration (ECF No. 137) is **denied**.

    **IT IS SO ORDERED.**


Dated: January 22, 2020                                                     /s/ Gordon J. Quist
                                                                                                 GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE