**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| KAREN SAUNDERS, | ) |
| | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) 1:17-CV-00335-GJQ-RSK |
| | ) |
| vs. | ) Hon. Judge Janet T. Neff |
| | ) Hon. Mag. Judge Ray Kent |
| DYCK O'NEAL, INC., | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) |
| | ) |

**BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

39021457.1

## TABLE OF CONTENTS

Page

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

I.      Introduction ............................................................................................................... 1

II.     The Constitutionality of the TCPA after *Barr* ........................................................ 1

III.    Procedural Background ............................................................................................ 2

IV.    Argument ................................................................................................................. 3

V.     Conclusion ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**United States Supreme Court Cases**

*Barr v. Am. Ass'n of Political Consultants, Inc.*,
   140 S. Ct. 2335 (2020) ................................................................................................1

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .....................................................................................................3

**Sixth Circuit Cases**

*FTC v. E.M.A. Nationwide, Inc.*,
   767 F.3d 611 (6th Cir. 2014) ........................................................................................3

**Other Cases**

*Duchene v. Westlake Servs., LLC*,
   No. 13-01577, 2015 WL 5947669 (W.D. Penn. Oct. 13, 2015) ............................3, 5

*Jones v. Credit Acceptance Corp.*,
   No. 15-13165, 2016 WL 7320919 (E.D. Mich. Oct. 31, 2016), *report and
   recommendation adopted,* No. 15-13165, 2016 WL 7242141 (E.D. Mich. Dec.
   15, 2016) ......................................................................................................................6

*Leyva v. Certified Grocers of Cal., Ltd.*,
   No. 593 F.2d 857 (9th Cir. 1979) ..........................................................................3, 5, 6

*Lindenbaum v. Realgy, LLC*,
   No. 19-2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020) ........................... passim

*Lyngklip v. Icapital.Cash*,
   No. 17-12366, 2017 WL 6539054 (E.D. Mich. Dec. 21, 2017) ...........................3, 5, 6

*Michael v. Ghee*,
   325 F.Supp.2d 829 (N.D. Ohio 2004) .........................................................................3

*Ricketts v. Consumers Energy Co.*,
   No. 16-13208, 2017 WL 2351731 (E.D. Mich. May 31, 2017) .................................6

### I. Introduction

Since the Supreme Court's decision in *Barr v. American Ass'n of Political Consultants Inc.*, some district courts—including the Northern District of Ohio in *Lindenbaum v. Realgy*—have determined that the TCPA was unconstitutional from 2015 through 2019. The "calls" at issue in this case are within that timeframe. *Lindenbaum* is now before the Sixth Circuit, and if the district court's ruling is affirmed, this court will lack jurisdiction, requiring dismissal of this case. Defendant therefore requests that this Court enter an order staying this case until the Sixth Circuit decides *Lindenbaum*.

### II. The Constitutionality of the TCPA after *Barr*

On July 6, 2020, the Supreme Court held that the government debt exemption provision added to the TCPA in November 2015 was a facially unconstitutional content-based restriction on speech. *See Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020). The Court therefore severed the exemption while leaving the remainder of the TCPA intact. What the Supreme Court did not resolve, however, is whether non-government debt collection callers may be held liable under the TCPA for conduct occurring during the time period that the statute was unconstitutional because it contained the improper exemption. Several district courts across the country have since addressed the issue of whether the exemption rendered the entire statute unenforceable, with some determining that the TCPA was unconstitutional.

One such case is *Lindenbaum v. Realgy, LLC*, No. 19-2862, 2020 WL 6361915, at *7 (N.D. Ohio Oct. 29, 2020) wherein the district court found the TCPA unconstitutional and dismissed the case, finding:

> [A]t the time defendants engaged in the speech at issue, defendant was subject to an unconstitutional content-based restriction …
> because the statute at issue was unconstitutional at the time of the

1

39021457.1

alleged violations, this Court lacks jurisdiction over this matter."[1]

The plaintiff appealed *Lindenbaum* to the Sixth Circuit, describing the issue to be considered as follows:

> Although the Supreme Court held in *Barr v. AAPC* that the TCPA's "robocall restriction should not be invalidated," and instead severed the 2015 government-debt exception from the statute, was the robocall restriction nevertheless unconstitutional between 2015, when the exception was enacted, and 2020, when the Supreme Court decided *AAPC*?[2]

The appeal has attracted considerable national attention. Not only has the United States intervened in the action, but no fewer than 35 states and the District of Columbia have filed an amicus brief.[3] Among the more than a dozen other amicus briefs is one from the ACLU supporting the district court's decision. The case is now fully briefed, and once decided, it could effectively dismiss this case.

### III.     Procedural Background

This case was reassigned from Judge Gordon J. Quist to Judge Janet T. Neff on April 1, 2021 (ECF No. 193). On April 14, 2021, Judge Neff set a status conference for May 20, 2021 (ECF No. 194).

In this case, the Plaintiff alleges that DONI "violated the TCPA by placing automated calls to Plaintiff and the class members' cellular telephones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party."[4] But recent court rulings in this and other circuits call into question this court's jurisdiction and suggest the TCPA was unconstitutional when the alleged conduct occurred. The Sixth Circuit is now reviewing the

---

[1] *See Lindenbaum* Order of Dismissal, Ex. 1.
[2] *See* Appellant's Brief in *Lindenbaum,* Ex. 2, p. 8.
[3] *See Lindenbaum* Docket on Appeal, Ex. 3.
[4] *See* ECF No. 1.

2

39021457.1

issue, as is the Ninth Circuit. If the TCPA was unconstitutional during the time period implicated in the Plaintiff's claims, this court would lack subject-matter jurisdiction and the case would have to be dismissed.

### IV.     Argument

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The … entry of such an order ordinarily rests with the sound discretion of the District Court." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citations and internal quotation marks omitted). While a stay pending resolution of an appeal in a separate case is unusual, "[a] court may find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Lyngklip v. Icapital.Cash*, Case No. 17-12366, 2017 WL 6539054, at *1 (E.D. Mich. Dec. 21, 2017), citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979), *see also, Duchene v. Westlake Servs., LLC*, 2015 WL 5947669, at *2 (W.D. Penn. Oct. 13, 2015) ("Central to this power is a court's ability to hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.")

The court has discretion to stay this case and in making that determination, it should consider the following factors:

> [1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship / prejudice to the party opposing the stay, given its duration.

*Michael v. Ghee*, 325 F.Supp.2d 829, 831 (N.D. Ohio 2004), citing, *Landis*, 299 U.S. at 255.

In this case, each factor weighs in favor of the entry of a stay order designed to allow the Sixth Circuit in *Lindenbaum* to rule on the issue of jurisdiction predicated upon the constitutionality of the TCPA. If the Sixth Circuit affirms the district court's dismissal, this court will be required to likewise dismiss the case for a lack of jurisdiction. Hence the potentially dispositive nature of *Lindenbaum* satisfies the first factor meriting a stay and bleeds into the second factor related to judicial economy. Because the issue of the TCPA constitutionality is squarely before the Sixth Circuit in a fully briefed appeal (including briefs by the parties and other interested *amici*), judicial economy weighs heavily in favor of staying this case pending a decision in *Lindenbaum*. Common sense leads inexorably to conclusion that Judge Neff, having very recently been assigned to this case, should not commit the amount of time and resources needed to conduct a detailed review the entire docket and then, issue rulings on the pending Motion for Summary Judgment and Motion for Class Certification filed by Plaintiff, as well as the Defendant's Motion to Strike Plaintiff's class certification expert when all of those judicial resources might not be necessary. Judicial economy strongly suggests that the court stay the case pending the *Lindenbaum* appeal rather than depleting judicial resources in substantial legal work that could be rendered superfluous by the Sixth Circuit in the coming months.

The third factor i.e., "public welfare", isn't implicated here since DONI is no longer using the technology at issue in this case to send prerecorded voicemail messages to consumers.

Likewise, factor four (hardship/prejudice) weighs in favor of a stay since the Plaintiff would suffer no "hardship" here because she is no longer subject to the conduct complained of and her individual claim for damages is capped by the TCPA at no more than $1,500 per violation. This case has never had a sense of urgency. It has in fact been pending since April 2017 and has experienced multiple periods during which there has been little or no activity for

months. And the most recent extended period of no activity is happening now as the parties await the court's rulings on several pending motions, including the Plaintiff's Motion for Class Certification and Motion for Summary Judgment. The last substantive brief in the case was filed almost exactly *one year ago*.[5] Given that the case has been pending for more than four (4) years, any claim by the Plaintiff that she would be prejudiced by waiting until the Sixth Circuit decides whether the TCPA was unconstitutional during the time period of the conduct at issue here is belied by the docket itself and the fact that discovery is complete.

In *Duchene*, the district court stayed a TCPA case pending resolution of two (2) cases before the Supreme Court that—like here—could impact the court's jurisdiction. 2015 WL 5947669, at *1. *Duchene* is similar procedurally to this case since discovery is complete and all the relevant witnesses have been deposed. Plus "[t]here is a real possibility that [*Lindenbaum*] will result in this Court losing jurisdiction [and] [i]f that happens, any judicial resources spent on this matter between now and then would essentially be to no avail." *Id.*, at *4. The length of the stay in this case, like in *Duchene*, is not indefinite as the Sixth Circuit will almost certainly rule in the next several months.

*Lyngklip* also supports staying this case. There, as here, the plaintiff claimed the defendant violated the TCPA. The only distinction between that case and the one at bar is that Lynglkip claim the defendants used an "automatic telephone dialing systems 'ATDS' to call … without his consent." 2017 WL 6539054, at *1. The district court stayed the case pending the D.C. Circuit's ruling in *ACA Int'l v. FCC* "address[ing] the meaning of the term 'autodialer' under the TCPA" since it "may well be dispositive of the case before" the court. *Id.* According to the *Lyngklip* court, a stay was warranted since it would "serve to conserve the resources of the

---

[5] *See* ECF No. 158 *et seq*.

parties and the court while avoiding the wasted effort that may be involved in proceeding under an uncertain legal framework." *Id.*[6]

The same is true here especially in light of the fact this case has recently been reassigned from Judge Gordon Quist to Judge Janet Neff. Instead of forcing the court to spend the time and effort "getting up to speed" to the extent necessary to rule on the momentous motions now pending, the more reasonable and efficient course is to allow the appellate process in *Lindenbaum* run its course since affirmation of the district court's ruling would necessarily result in this case being dismissed.

## V. Conclusion

If the case proceeds despite the pending appeal in *Lindenbaum*, every ruling by the court from this point forward could be rendered null and void. Because *Lindenbaum* has the potential to divest this court of jurisdiction, the most sensible approach is for the court to focus its resources on other pending matters since the public will not be affected by a stay in this case and the Plaintiff will suffer no hardship or prejudice given the current status of the case and the expected minimal duration of the stay.

Dated: April 30, 2021                                        Respectfully submitted:

*/s/ Mark S. Pendery*
Mark S. Pendery
Christopher J. Zdarsky
HONIGMAN LLP
300 Ottawa Avenue NW, Suite 400
Grand Rapids, MI 49503
Telephone: (616) 649-1910
E-mail: mpendery@honigman.com

---

[6] Other Michigan federal district court judges likewise stayed TCPA cases pending the DC Circuit's ruling in *ACA Int'l*. *See, e.g. Jones v. Credit Acceptance Corp.*, No. 15-13165, 2016 WL 7320919, at *3 (E.D. Mich. Oct. 31, 2016), *report and recommendation adopted,* No. 15-13165, 2016 WL 7242141 (E.D. Mich. Dec. 15, 2016); *Ricketts v. Consumers Energy Co.,* No. 16-13208, 2017 WL 2351731, at *1 (E.D. Mich. May 31, 2017).

E-mail:  czdarsky@honigman.com

Dale Thomas Golden
GOLDEN SCAZ GAGAIN PLLC
201 North Armenia Avenue
Tampa, Florida  33609
Telephone:  (813) 251-5500
E-mail:  dgolden@gsgfirm.com

Eugene Xerxes Martin, IV
MALONE AKERLY MARTIN PLLC
8750 N. Central Expressway, Suite 1850
Dallas, Texas  75231
Telephone:  (214) 346-2630
E-mail:  xmartin@mamlaw.com

*Attorneys for Defendant*
*Dyck O'Neal, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Mark S. Pendery, hereby state that on April 30, 2021 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

                                          /s/ Mark S. Pendery  
                                             Mark S. Pendery