### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| KAREN SAUNDERS,        ) | |
|     Plaintiff,        ) | Case No. 1:17-cv-00335 |
|                       ) | |
| v.                     ) | Hon. Judge Janet T. Neff |
|                       ) | Hon. Mag. Judge Ray Kent |
| DYCK O'NEAL, INC.,     ) | |
|     Defendant.       ) | |

### PLAINTIFF'S OPPOSITION TO MOTION TO STAY

This case alleges that Defendant Dyck O'Neal ("DONI") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), by systematically sending Plaintiff and thousands of other consumers prerecorded debt collection messages on their cell phones. DONI filed an early summary judgment motion, which Judge Quist denied. *Saunders v. Dyck O'Neal, Inc.*, 319 F.Supp.3d 907, 909 (W.D.Mich. 2018).

After having received the Court's ruling, DONI insisted that Judge Quist didn't intend to decide whether the equipment it used is covered by the TCPA, which caused a flurry of litigation and several more motions on the same issue, culminating in a definitive resolution against DONI and in favor of Plaintiff. *Saunders v. Dyck O'Neal, Inc.*, 2019 WL 5059952 (W.D.Mich. 2019); *Saunders v. Dyck O'Neal, Inc.*, 2020 WL 362700, at *2 (W.D.Mich. 2020).

DONI now seeks to stay the case because a single opinion from the Northern District of Ohio ruled that the entire, 30-year-old TCPA became void when the Supreme Court invalidated a 2015 amendment concerning collection of government debts. Government debts are not at issue here. DONI apparently agrees that this provision of the TCPA is not at issue, and has not filed a motion to dismiss. Instead, DONI contends that the appeal in *Lindenbaum* justifies indefinitely delaying this 2017 case, while the parties wait for a decision.

Courts in this Circuit consider several factors in deciding whether to grant a stay, including: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set." *Brown v. PSCU, Inc.*, 2020 WL 7122075, at *6 (E.D. Mich. Dec. 4, 2020) (quoting *Dura Global Techs., LLC v. Magna Int'l Inc.*, 2011 WL 5039883, at *6 (E.D. Mich. Oct. 24, 2011)). Moreover, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

### A.  *Lindenbaum* is unlikely to affect these proceedings.

The Court should refuse to stay this case because *Lindenbaum* is an outlier opinion that has been rejected by approximately twenty other courts around the country. As one court in this Circuit put it:

> [Courts that have followed *Lindenbaum* are] in the vast minority in finding that severability only affords prospective liability under the robocall section. Almost twenty decisions from district courts across the country reach the opposite conclusion. … Justice Kavanaugh's plurality opinion contains [footnote 12] that, although dicta,[1] addresses and rejects the argument Defendant makes here.

*Mich. Urgent Care & Primary Care Physicians, P.C. v. Medical Security Card Co.*, 2021 WL 1663619, at *2 (E.D. Mich. Apr. 28, 2021) (denying stay).

Indeed, "vast minority" is an understatement: Of the twenty-plus decisions on this issue

---

[1] Although *Mich. Urgent Care* found this footnote to be *dicta*, other courts disagree. For example, *McCurley v. Royal Sea Cruises, Inc.*, 2021 WL 288164, at *2 (S.D. Cal. Jan. 28, 2021), found that "Justice Kavanaugh's statement [in footnote 12] is not dicta and must be followed by this Court."

2

nationwide,[2] just three – essentially the *first* three – have held the TCPA unconstitutional in whole as a result of *AAPC*—*Creasy*, *Lindenbaum*, and *Hussain*. And one of those courts ***later repudiated its position***:

> Defendant's motion largely relies upon this Court's prior Order in *Hussain*…. Upon further reflection, the Court departs from its earlier opinion because, since

---

[2]     *See Less v. Quest Diagnostics Inc.*, 2021 WL 266548, at *1 (N.D. Ohio Jan. 26, 2021), ("Since there are no constitutional defects to the pre-2015 text, the statute's enforceability is unaffected by the [severed] amendment…. [T]his Court finds there is no constitutional defect to the Plaintiff's claim under 47 U.S.C. § 227(b)(1)(A)(iii) for conduct taking place in the 2015-2020 period."); *Wittaker v. WinRed Technical Services LLC*, 2021 WL 1102297 (D. Ariz. Mar. 23, 2021) (agreeing "with the vast majority of district courts that have denied motions to dismiss[,]" on this issue); *Miles v. MediCredit, Inc.*, 2021 WL 872678, at *3 (E.D. Mo. Mar. 9, 2021) (citing cases and agreeing "Kavanaugh's statement signals the intent of the Supreme Court and what it would hold in future cases and, as such, may not be dismissed by a district court"); *Johansen v. Loandepot.com LLC*, 2021 WL 669329, at *3 (C.D. Cal. Jan. 31, 2021) (rejecting *AAPC*-based motion to dismiss, noting that "the fact that a portion of the TCPA was found unconstitutional does not necessarily render the entire statute unconstitutional"); *McCurley*, 2021 WL 288164, at *2 ("This case does not involve the collection of government debt; therefore, according to the opinion of Justice Kavanaugh, *AAPC* does not negate Defendant's liability and Defendant's motion to dismiss must fail."); *Rieker v. Nat'l Car Cure, LLC*, 2021 WL 210841, at *1 (N.D. Fla. Jan. 5, 2021) (denying motion to dismiss based on *AAPC*); *Stoutt v. Travis Credit Union*, 2021 WL 99636, at *4 (E.D. Cal. Jan. 12, 2021) (finding that accepting defendant's position would "undermine the [Supreme] Court's central purpose in severing the statute"); *Abramson v. Fed. Ins. Co.*, 2020 WL 7318953, at *2 (M.D. Fla. Dec. 11, 2020) (denying motion to dismiss, finding that "the vast majority of cases this Court has reviewed conclude that parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*") (citing cases); *Burton v. Fundmerica, Inc.*, 2020 WL 4504303, at *1 n.2 (D. Neb. Aug. 5, 2020) ("The Supreme Court held … in [*AAPC*] that one of the exceptions to this general prohibition, for calls made solely to collect a government debt, violated the First Amendment, but that it was severable from the TCPA as a whole—so, the provision on which the plaintiff's claim relies survived."); *Schmidt v. AmerAssist A/R Sols. Inc.*, 2020 WL 6135181, at *4 (D. Ariz. Oct. 19, 2020) ("Schmidt has not alleged that her purported debt was owned or guaranteed by the government, so [*AAPC*] does not affect this case."); *Pierucci v. Homes.com, Inc.*, 2020 WL 7647636, at *2 (E.D. Va. Dec. 23, 2020) (granting motion to dismiss with leave to replead facts as to autodialer allegations, noting *AAPC* "left the remainder of the autodialer restriction intact"); *Holmes v. DRS Processing LLC*, 2020 WL 7419687, at *1 (M.D. Fla. Nov. 3, 2020) (granting class certification in TCPA case, noting that *AAPC* "le[ft] intact the general prohibition against robocalls"); *Canady v. Bridgecrest Acceptance Corp.*, 2020 WL 5249263, at *2 (D. Ariz. Sept. 3, 2020) ("Although [*AAPC*] struck down a part of the TCPA not at issue in this case, the bulk of the TCPA lives on."); *Salerno v. Credit One Bank, N.A.*, 2020 WL 4339219, at *3 (W.D.N.Y. July 28, 2020) (affirming arbitration award and denying motion to stay TCPA case "because the Supreme Court issued its decision on July 6, 2020 and did not invalidate the TCPA as a whole"); *Buchanan v. Sullivan*, 2020 WL 6381563, at *3 (D. Neb. Oct. 30, 2020) (noting *AAPC* "sever[ed] the debt-collection exemption to the TCPA as unconstitutional, leaving the generally applicable restrictions at issue here intact"); *Komaiko v. Baker Techs., Inc.*, 2020 WL 5104041, at *2 (N.D. Cal. Aug. 11, 2020) ("Because the government-debt exception is not at issue in this case, the decision in [*AAPC*] does not impact Plaintiffs' claims."); *Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) ("while the Supreme Court invalidated the debt-collection exception, it severed the provision rather than striking down the TCPA's entire robocall restriction").

3

the Court's Order in *Hussain*, every court faced with this same issue has concluded that a plaintiff may continue to bring § 227(b) claims post-*AAPC*. *Boisvert v. Carnival Corp.*, 2021 WL 1329079, at *2 (M.D. Fla. Mar. 12, 2021). Plus, the United States and thirty-four states' Attorneys General have filed amicus briefs in *Lindenbaum* in support of the TCPA's constitutionality—not to mention numerous consumer organizations.

As *AAPC* itself noted, "an unconstitutional statutory amendment 'is a nullity' and 'void' when enacted, and for that reason has no effect on the original statute." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2353 (2020) (quoting *Frost v. Corp. Comm'n*, 278 U.S. 515, 526 (1929)) (emphasis added). Thus, for *Lindenbaum* to affect this case, the Sixth Circuit would have to ignore virtually all lower court opinions, the government's wishes, 90+ years of Supreme Court precedent, and the *AAPC* majority's own intent, in order to give TCPA violators a 5-year, across-the-board pass on liability because some irrelevant amendment to the 30-year-old law was stricken as unconstitutional.[3] Indeed, the Court would have to ignore *its own* precedent, which affirmed summary judgment for a TCPA plaintiff just last year after noting *AAPC*'s severance of the government-debt collection exception in *Allan v. PHEAA*, 968 F.3d 567, 575 (6th Cir. 2020).[4] Suffice it to say, the *Lindenbaum* appeal is not likely to affect this case, and judicial economy will not benefit from an indefinite stay based on Defendant's long-shot hope it will.

**B.     A stay will unduly prejudice Plaintiff and the class.**

Respectfully, Plaintiff's motion for class certification/summary judgment has been briefed and pending for a year. Dkt. 171. *Lindenbaum* doesn't even have a date for oral argument yet, and no one knows how many months after that the Sixth Circuit will rule—it could very

---

[3]     The Sixth Circuit would also have to ignore the Ninth Circuit's decision in *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1153-57 (9th Cir. 2019), *cert. granted in part as to unrelated issue*, 141 S. Ct. 193 (2020), *and rev'd and remanded*, 141 S. Ct. 1163 (2021). *Duguid* severed the government-debt collection amendment, and remanded for continued litigation on the calls, just like the *AAPC* plurality would go on to hold.

[4]     The judgment in *PHEAA* was subsequently vacated and remanded on unrelated grounds.

likely be into 2022. This case has been pending since 2017. A further, indefinite delay of these proceedings will impose undue prejudice on Plaintiff and the class, who will be forced to wait even longer to have their claims addressed. *See* Fed.R.Civ.P. 1 (contemplating "speedy" determination of proceedings); *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) ("[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."). Moreover, the longer the delay, the greater the risk that memories fade and witnesses become unavailable, such that Plaintiff's ability to effectively try this action may be compromised if such an indefinite stay is permitted.[5]

In contrast, DONI fails to set forth—much less support by affidavit or declaration—a "clear case of hardship or inequity" to it if a stay is not granted. *Landis*, 299 U.S. at 255. At best, it suggests that staying the case now will avoid litigation that may ultimately be unnecessary. But "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Doe v. Selection.com*, 2015 WL 5853700, at *3 (N.D. Cal. Oct. 8, 2015).

The clear prejudice to Plaintiff and the class by this indefinite delay, and the lack of any real inequity to DONI beyond merely having to defend this suit, warrants denying its motion.

### C.   A stay is not appropriate at this stage in the case.

The final stay factor—whether discovery is complete and when (or whether) a trial date

---

[5] *See, e.g., Harnish v. Frankly Co.*, 2015 WL 1064442, at *4 (N.D. Cal. Mar. 11, 2015) ("a stay for an indeterminate amount of time would result in delay and prejudice towards Plaintiff"); *Alvarado v. Bay Area Credit Serv., LLC*, 2015 WL 224950, at *2 (N.D. Cal. Jan. 16, 2015) (finding plaintiff would suffer prejudice if court were to grant defendant's motion to stay); *Molnar v. NCO Fin. Sys., Inc.*, 2015 WL 1906346, at *4 (S.D. Cal. Apr. 20, 2015) ("an open-ended stay will likely cause delay and prejudice to Plaintiffs' case"); *Prater v. Medicredit Inc.*, 45 F. Supp. 3d 1038, 1043 (E.D. Mo. 2014) ("a lengthy delay resulting from a stay would prejudice Plaintiff as well as potential class members"); *Trainor v. Citibank, Nat. Ass'n*, No. 14-62, 2014 WL 2574527, at *2 (D. Minn. June 9, 2014) ("An indefinite stay is [therefore] not in any party's interest.").

has been set—likewise favors denying Defendant's motion. "This factor recognizes that granting a stay early in the case preserves judicial resources and saves the parties money. Once the case has progressed far along, a stay will not preserve judicial resources or save the parties significant money." *Dura Glob. Techs., LLC*, 2011 WL 5039883, at *9.

Again, this case has been pending since 2017. Discovery is over. Dkt. 129. The parties fully briefed class certification and summary judgment a year ago, Dkt. 144, 163, 171, after which only trial remains.[6] A stay will not preserve judicial resources or save the parties significant money under these circumstances, since virtually all of the "work" has already been done. As such, Defendant's motion should be denied.[7]

## **CONCLUSION**

This Court should reject DONI's attempt to further slow these proceedings, and deny its motion to stay.

---

[6] The Court struck its prior Final Pretrial Conference date of July 15, 2020, pending its ruling on Plaintiff's pending motions. Dkt. 129, 185.

[7] Defendant's citation to a few decisions that granted stays pending Supreme Court rulings or FCC regulatory actions are distinguishable. Stays are discretionary, and so, of course, both sides here can undoubtedly offer a plethora of decisions that granted or denied stays based on the facts of those cases. *See, e.g., Mich. Urgent Care*, 2021 WL 1663619, at *3 (denying motion to stay pending *Lindenbaum* in TCPA junk fax case); *Swope v. Credit Mgmt., LP*, 2013 WL 607830 (E.D. Mo. Feb. 19, 2013) (denying motion to stay pending FCC TCPA decision); *Medina v. Nationstar Mortgage, LLC*, 2017 WL 971919, at *3 (N.D. Ga. Mar. 13, 2017) (denying motion to stay pending appeal of FCC TCPA decision); *Caudill v. Wells Fargo Home Mortg., Inc.*, 2016 WL 3820195, at *3 (E.D. Ky. July 11, 2016) (same); *Peters v. Credit Prot. Ass'n LP*, 2015 WL 5216709, at *10 (S.D. Ohio Sept. 8, 2015) (denying motion to stay pending Supreme Court *Campbell-Ewald* ruling implicating TCPA); *APB Assocs., Inc. v. Bronco's Saloon, Inc.*, 2016 WL 9446654, at *2 (E.D. Mich. Mar. 17, 2016) (denying motion to stay TCPA case pending Supreme Court's *Spokeo* decision, finding, inter alia, that "the history of these actions and the amount of time that passed since they were filed [] militate against the requested stay"); *LaGuardia v. Designer Brands Inc.*, 2020 WL 6280910, at *11 (S.D. Ohio Oct. 27, 2020) (denying motion to stay TCPA case pending Supreme Court's *Duguid* ruling).

Dated: May 12, 2021                              Respectfully submitted,

                                                                            KAREN SAUNDERS

By: *s/ Alexander H. Burke*
    Alexander H. Burke
    BURKE LAW OFFICES, LLC
    909 Davis St., Suite 500
    Evanston, IL 60201
    Telephone: (312) 729-5288
    aburke@burkelawllc.com

    Larry P. Smith
    David Marco
    SMITHMARCO, P.C.
    55 W Monroe St., Suite 1200
    Chicago, IL 60603
    Telephone: (888) 822-1777
    lsmith@smithmarco.com
    dmarco@smithmarco.com

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.3(b)(ii), the undersigned certifies that this brief contains 2,531 words according to Microsoft Word 2010, excluding the caption, signature block, and certifications.

                                                                              *s/ Alexander H. Burke*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                              *s/ Alexander H. Burke*