IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KAREN SAUNDERS, | ) |
| | ) |
|     Plaintiff, | )    Case No. 1:17-cv-00335-JTN-RSK |
| | ) |
| v. | ) |
| | ) |
| DYCK O'NEAL, INC., | )    Hon. Judge Janet T. Neff |
| | )    Hon. Mag. Judge Ray Kent |
|     Defendant. | ) |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY**

The Court stayed this case four months ago pending resolution of the Sixth Circuit's decision in *Lindenbaum v. Realgy LLC*, No. 20-4252 (6th Cir.). Dkt. 202.

The District Court in *Lindenbaum* dismissed a consumer plaintiff's TCPA case, finding that the Supreme Court's severance of an irrelevant amendment to the TCPA's robocall prohibition had the effect of invalidating the *entire* robocall prohibition from the date of the amendment to the date of severance. This month, the Sixth Circuit reversed the District Court's decision in consumers' favor, in line with longstanding Supreme Court jurisprudence and virtually every other court to consider the issue. *Lindenbaum v. Realgy, LLC*, --- F.4th ----, 2021 WL 4097320, at *1 (6th Cir. Sept. 9, 2021) (Exhibit A); *e.g.,* Dkt. 199 n. 2 (citing cases).

Because this Court stayed this case pending the Sixth Circuit's decision in *Lindenbaum*, and *Lindenbaum* has now been decided in consumers' favor, the Court should lift its stay and reopen this case.

**I.   BACKGROUND**

Since becoming law in 1991, the TCPA has broadly prohibited making any autodialed or artificial or prerecorded voice call (i.e., a "robocall") to any number assigned to a cellular telephone

service. 47 U.S.C. § 227(b)(1)(A)(iii). In 2015, as part of a Budget Act, the TCPA was amended to include an exception to this longstanding robocall prohibition, for government debt collection. In 2020, the Supreme Court held that this government-debt collection exception was unconstitutional, but expressly upheld the remainder of the TCPA's longstanding robocall prohibition. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020) ("*AAPC*") ("Applying traditional severability principles, seven Members of the Court conclude that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute."). The plurality's opinion clarified that its decision "does not negate the liability of parties who made robocalls covered by the robocall restriction"—i.e., like DONI, here. *Id.* at 2355 n.12 (emphasis added).

Plaintiff Saunders filed this action on April 12, 2017, seeking redress for prerecorded-voice debt collection calls Defendant Dyck O'Neal, Inc. ("DONI") made to herself and others in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The parties engaged in substantial discovery since then, proceeded through two separate summary judgment rulings,[1] and had completed briefing on Plaintiff's motion for class certification and summary judgment for nearly a year when, on April 30, 2021, DONI requested that this Court stay these proceedings pending *Lindenbaum*, which Plaintiff opposed. Dkt. 195, 199. The Court granted the stay on May 20, 2021, and ordered all pending motions—including Plaintiff's motion for class certification and summary judgment—denied without prejudice, subject to re-filing at a later date. Dkt. 202. The order also provided that either side may move to lift the stay or seek other relief within fourteen days of the Sixth Circuit's decision. *Id.*

---

[1] *See Saunders v. Dyck O'Neal, Inc.*, 2019 WL 5059952 (W.D.Mich. 2019); *Saunders v. Dyck O'Neal, Inc.*, 2020 WL 362700, at *2 (W.D.Mich. 2020).

Plaintiff is eager to progress this case. Because *Lindenbaum* has been decided in consumers' favor, Plaintiff respectfully asks that the Court lift the stay, reopen these proceedings, and grant such other and further relief it deems reasonable and just.

## II.     LEGAL STANDARD

"[T]rial courts have inherent power to control their dockets." *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

## III.    ARGUMENT

"[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). "[E]ven if the reasons for the stay are proper, the stay itself 'is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'" *Id.* at 396 (quoting *Landis*, 299 U.S. at 254) (finding district court "clearly abused" its discretion in granting stay).

The Sixth Circuit didn't mince words in ruling in *Lindenbaum* that the Supreme Court's severance of the 2015 government-debt collection exception to the TCPA applied retroactively, so as to make the amendment in effect a "nullity" when enacted:

> In 1982, the Supreme Court considered "[t]he principle that statutes operate only prospectively, while judicial decisions operate retrospectively" so obvious as to be "familiar to every law student." *United States v. Sec. Indus. Bank*, 459 U.S. 70, 79, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). Today, we clarify that severability is no

3

exception. We reverse.

2021 WL 4097320, at *4.[2] Because severance treats the unconstitutional amendment as if it were never enacted, this means that Plaintiff's claims in this case, based on the TCPA's longstanding prohibition against robocalling cell phones, were never impacted by it one way or the other. Thus, because the Sixth Circuit has ruled on *Lindenbaum* in consumers' favor, and the reason this Court stayed these proceedings has now been resolved, the Court should lift the stay.

During the parties' meet-and-confer discussion in advance to this motion, DONI indicated that it opposes lifting the stay because it wants to "wait until the deadlines for a petition for rehearing en banc with the Circuit Court or a certiorari petition with SCOTUS expire[.]" However, the Sixth Circuit has made its ruling, and this Court's stay order was expressly limited to "a decision by the Sixth Circuit Court of Appeals[.]" Dkt. 202 p. 1. DONI provided no basis for expanding the scope of the Court's stay order. And its suggestion that these proceedings incur even further delay on the off-chance that *maybe* there will be a further appeal, and *maybe* the Supreme Court will grant certiorari, and *maybe* the Supreme Court will abrogate its decades-old precedent on severability, lacks any reasonable basis, whatsoever. *See AAPC*, 140 S.Ct. at 2353 (citing longstanding case law holding that severance treats the offending provision as a "nullity" and "void" when enacted—which the Sixth Circuit in *Lindenbaum* cited in its own decision).

Plaintiff and the class will be prejudiced by any further stay. This matter has been pending for over four years. Plaintiff's motion for class certification and for summary judgment was fully briefed over a year ago, which the Court denied without prejudice to future re-filing. Dkt. 171,

---

[2] *See also Lindenbaum*, 2021 WL 4097320, at *2 n.2 ("This principle makes the severability inquiry clearer in the case of an unconstitutional amendment. Because it is 'a nullity,' it is 'powerless to work any change in the existing statute'; the original statute 'must stand as the only valid expression of the legislative intent.'").

202. That motion, and its ancillary motions, will now all have to be re-briefed. Further, indefinite delay runs contrary to the Sixth Circuit's instruction that District Courts should "tread carefully" in staying proceedings, and imposes substantial prejudice to Plaintiff's and other class member's rights to have their claims adjudicated in a timely fashion. Fed.R.Civ.P. 1; *Ohio Env't Council*, 565 F.2d at 396.

During the stay, the parties discussed the possibility of mediation, but DONI stopped those discussions.

In summation, there is no good reason for continuing to stay these proceedings The Sixth Circuit's ruling is in line with virtually every other court to consider the issue, and is based on rock-solid, longstanding Supreme Court jurisprudence. Plaintiff wants this case to progress, and therefore requests that the Court lift the stay.

### IV. CONCLUSION

For the foregoing reasons, the Court should lift its stay imposed on May 20, 2021, administratively reopen this case, and grant such other and further relief it deems reasonable and just.

Dated: September 22, 2021

Respectfully submitted,

KAREN SAUNDERS

By: *s/ Alexander H. Burke*
Alexander H. Burke
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com

                                  Larry P. Smith
                                  David Marco
                                  SMITHMARCO, P.C.
                                  55 W Monroe St., Suite 1200
                                  Chicago, IL 60603
                                  Telephone: (888) 822-1777
                                  lsmith@smithmarco.com
                                  dmarco@smithmarco.com

                                  *Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.2(b)(ii), the undersigned certifies that this brief contains 1,354 words according to Microsoft Word 365, excluding the caption, title, signature block, and certifications.

                                                    _s/ Alexander H. Burke_

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                      _s/ Alexander H. Burke_