IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:17-cv-00335-JTN-RSK |
| | ) | |
| v. | ) | Judge Neff |
| | ) | Magistrate Judge Kent |
| DYCK O'NEAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF ARTICLE III STANDING**
[Dkt. 229]

Plaintiff respectfully submits *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.*, GG Docket No. 02-278, FCC 22-85; 2022 WL 17225556 (FCC Nov. 14, 2022), released Nov. 21, 2022, attached hereto as Exhibit A, as supplemental authority in opposition to Dyck O'Neal's motion to dismiss. Dkt. 229.

1. The parties were called upon to brief the issue of whether the Plaintiff had Article III standing to pursue her claims. Since the briefing on the issues, the FCC has issued a declaratory ruling which impacts the issue before the court.

2. The FCC's ruling identifies harm to consumers when they receive ringless voicemails. For example, in paragraph 14 the FCC states, "[ringless voicemails] represent the *harms* the TCPA seeks to prevent-annoyance, time spent reviewing and deleting, and potential crowding of unwanted messages." (emphasis added). See FCC Declaratory Ruling, Exhibit A at ¶14.

3. Similarly in paragraph 16 the FCC states:

> [w]e also reject [petitioner's] argument that ringless voicemail is non-invasive…. [C]onsumers cannot block these messages, and consumers

experience an intrusion on their time and their privacy by being forced to spend time reviewing unwanted messages in order to delete them. The consumer's phone may signal that there is a voicemail message and may ring once before the message is delivered, which is another means of intrusion. Consumers. must also contend with their voicemail box filling with unwanted messages, which may prevent other callers from leaving important wanted messages. By contending that it is not placing calls, AATM would deny consumers the protection of the TCPA's consent requirement.

See *Id*, Exhibit A, at ¶16.

4. The attached authority will assist this Honorable Court in deciding the instant motion. Plaintiff only became aware of the authority upon its release, and has been reasonably diligent in bringing this matter to the court's attention.

WHEREFORE Plaintiff submits this supplemental authority to this Honorable Court and prays for its consideration.

                                                   Respectfully submitted,
                                                   **KAREN SAUNDERS,**
                                                   **individually and on behalf of all others similarly situated,**

                                    By:    s/ Larry P. Smith
                                                     Attorney for Plaintiff

Dated: December 5, 2022

                        Larry P. Smith
                        David Marco
                        SMITHMARCO, P.C.
                        55 W. Monroe Street, Suite 1200
                        Chicago, IL 60603
                        (312) 361-1690
                        (312) 602-3911 (fax)
                        lsmith@smithmarco.com
                        dmarco@smithmarco.com
                        www.SmithMarco.com

Alexander H. Burke,
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com